458 A.2d 1384

**Mark CONGINI, a minor, by Carl J. CONGINI, his guardian and Carl J. Congini and Sylvia Congini, Appellants,**

v.

**PORTERSVILLE VALVE COMPANY, a corporation.**

Superior Court of Pennsylvania.

Argued March 16, 1981.

Filed April 22, 1983.

Petition for Allowance of Appeal Granted Aug. 17, 1983.

John E. Evans, Jr., Pittsburgh, for appellants.

Herman C. Kimpel, Pittsburgh, for appellee.

Before PRICE *, BROSKY and MONTEMURO, JJ.

PRICE, Judge:

This is an action in trespass for personal injuries sustained by Mark Congini on December 22, 1978 in an automobile accident. His parents instituted a suit on his behalf and on their own behalf in the Court of Common Pleas of Lawrence County, Pennsylvania against the Portersville Valve Company ("Portersville"). The Honorable William R. Ralph issued an order and opinion sustaining Portersville's preliminary objection in the nature of a demurrer and dismissed the Congini's complaint on August 18, 1980. The Conginis have appealed from this dismissal.

▇ The following facts were pleaded and must be taken as true for the purposes of this appeal. At the time of the accident, Mark was eighteen years of age and an employee of Portersville. On December 22, 1978, Portersville held a Christmas party for its employees at its plant at which alcoholic beverages were served. Mark attended the party and became intoxicated.

* The decision in this case was reached prior to the death of Judge PRICE.

Mark's car was at the plant and appellee Portersville had possession and custody of its keys. Although appellee was aware of Mark's intoxicated condition, the keys were given to Mark upon his request so that Mark could drive from the plant to his home.

While Mark was operating the car on the highway, he drove it into the rear of another vehicle which was proceeding in the same direction. As a result of this accident, Mark suffered multiple fractures and brain damage which have left him totally and permanently disabled.

■ Appellants allege several grounds of liability based upon negligence. The first argument is that appellee was negligent in providing Mark, a minor, with alcoholic beverages to the point that he was intoxicated and that this negligent action caused Mark to suffer injuries. The second allegation is that appellee was negligent in turning over the keys to Mark's car, in order that Mark could drive home when appellee was aware of Mark's intoxication.[1] Appellants have not alleged that appellee is a licensee of the Pennsylvania Liquor Control Board. The lower court held that this case was controlled by *Manning v. Andy*, 454 Pa. 237, 310 A.2d 75 (1973) and sustained appellee's preliminary objections and dismissed the appellants' complaint.

Since this appeal is from the sustaining of preliminary objections in the nature of a demurrer, the facts before us are confined to appellant's complaint since the demurrer admits for present purposes every well pleaded material fact set forth in the complaint as well as the inferences reasonably deducible therefrom.

*Allstate Insurance Co. v. Fioravanti*, 451 Pa. 108, 111, 299 A.2d 585, 587 (1973). Only in cases which are clear and free

1. A third issue, involves the duty owed by a landowner to an invitee. (In this case Portersville to Mark). We will not discuss this issue, as it was not raised by the pleadings, but only on appeal. Even if an amendment to the pleadings were allowed however, and this issue was added, our decision would not change in this type of case involving a non-licensee of the Liquor Board.

from doubt should a complaint be dismissed.[2] In this case, we hold that even given the benefit of every reasonable inference, appellants have not pleaded a cause of action.

■ Appellants are asking that we find for the first time in Pennsylvania that a social host can be liable for injuries which occur to an intoxicated guest. Because they have phrased their complaint in terms of negligence instead of relying on the Pa.Liquor Code,[3] appellants urge that we make a distinction between the present case and the prior cases which have denied liability.[4] However, our supreme court has made it clear that under any theory, "only licensed persons engaged in the *sale* of intoxicants have been held to be civilly liable to injured parties." *Manning v. Andy*, 454 Pa. 237, 239, 310 A.2d 75, 76 (1973). (Emphasis in original). In *Klein v. Raysinger*, 298 Pa.Superior Ct. 246, 249 n. 2, 444 A.2d 753, 754 n. 2 (1982), we held specifically that *Manning* rejected unconditionally the principle of imposing civil liability on unlicensed persons. Appellants argue, however, that in the instant case, the unique facts compel that we distinguish the prior cases and find that appellees are liable.

Appellants agree that potential liability should not rest on every social host who serves intoxicating beverages. However, appellants argue that there should not be a blanket exclusion for social hosts but rather that liability should be determined on a case by case basis. The distinguishing factor among the cases would be the duty of care owed to the guest, depending on the circumstances. For instance, in this case, appellants urge that we find there are extenuating circumstances which create a special duty which was

**2.** *See Sinn v. Burd*, 486 Pa. 146, 149–150, 404 A.2d 672, 673–674 (1979). *See also Harley Davidson Motor Co., Inc. v. Hartman*, 296 Pa.Superior Ct. 37, 442 A.2d 284 (1982); *Banyas v. Lower Bucks Hospital*, 293 Pa.Superior Ct. 122, 437 A.2d 1236, 1237 (1981); *Chapman v. Philadelphia*, 290 Pa.Superior Ct. 281, 434 A.2d 753 (1981).

**3.** 47 P.S. 4–493(1); 47 P.S. 4–497.

**4.** *See Manning v. Andy*, 454 Pa. 237, 310 A.2d 75 (1973); *Klein v. Raysinger*, 298 Pa.Superior Ct. 246, 444 A.2d 753 (1982); *Klein v. Raysinger*, 302 Pa.Superior Ct. 248, 448 A.2d 620 (1982).

violated by appellees. The facts appellant finds compelling include the handing over of the car keys to the intoxicated minor. We are not so persuaded.

The question of whether it is negligent to allow a guest to drive his own vehicle while intoxicated has already been decided by this court. In *Klein v. Raysinger*, 302 Pa.Superior Ct. 248, 252 n. 3, 448 A.2d 620, 623 n. 3 (1982), we declined to create such a duty, recognizing that "indeed, a social host is not privileged to use force against or impose confinement upon another for the purpose of preventing the violation of a statute, i.e., driving while under the influence.

Nor does the fact that Mark was a minor at the time of the accident change the outcome in this particular case. In the case of *Bradshaw v. Rawlings*, 612 F.2d 135 (3rd Cir.1979), the court reaffirmed that a non-licensee in Pennsylvania is not civilly liable for damages caused by serving intoxicating liquors to a social guest. The *Bradshaw* case specifically dealt with the issue of whether the fact that minors were involved created a special duty upon which liability could be based and the court held that under Pennsylvania law no such duty existed.[5]

Thus it is clear that at the present time, there is no precedent for a finding of liability on the part of a social host. Although we recognize the seriousness of the problem of drunk driving and the resulting tragedies, we are bound to follow existing law. We agree with the *Manning* court which held that even though these types of claims may have some merit, "a decision of this monumental nature is best left to the legislature." *Supra* 454 Pa. at 239, 310 A.2d at 76.

Therefore, the trial court's order dismissing appellant's complaint is affirmed.

MONTEMURO, J., files a dissenting opinion.

5. We also acknowledge the decision of *Sanders v. Hercules Sheet Metal, Inc.*, La., 385 So.2d 772 (1980). This case involved a similar employer-employee situation and the Louisiana Supreme Court upheld a ruling of summary judgment, ruling that there was no possibility of negligence on the part of the employer in such a situation.

MONTEMURO, Judge, dissenting:

In recent years the public's attention and concern has been captured by the horrible realization that each year thousands of motorists are injured or killed by drunken drivers. The trauma experienced by the victims, both the motorists who are injured or killed and their relatives and loved ones, is exacerbated by the knowledge that the accidents were often preventable through the exercise of restraint and careful regard for the rights and lives of others. This state of affairs is more than a personal tragedy for the victim; it is a national tragedy that so many innocent motorists suffer disabling injuries, that so many lives are snuffed out, and that so many others are left to bear the emotional, and often horrendous financial, consequences of a chance encounter with a drunken driver. This concern is evidence of a deeper revelation; that such a chance encounter could happen to anyone, at anytime.

The response to the problem has been ambiguous. Many states, including Pennsylvania, have enacted new drunk driving laws imposing stringent and harsh penalties on those who flaunt common sense and the law by driving while intoxicated.[1] However, these laws merely punish, they do not compensate the victim or victims of the drunken driver.

There are methods by which these victims are compensated. One is an action for damages against the drunken driver based on his negligence. A second is an action against a person who, under the aegis of the Liquor Control Board, served intoxicating beverages to an already intoxicated person who, in turn, injures himself or a third party. This civil action against a licensed purveyor of intoxicants has long been recognized in this Commonwealth. Dramshop Act of May 8, 1854, P.L. 663 (repealed). *Jardine v. Upper Darby Lodge No. 1973, Inc.*, 413 Pa. 626, 631, 198 A.2d 550, 553 (1964). It is based on the provisions of the Liquor Code; Act of April 12, 1951, P.L. 90, Art. IV § 493(1), as amended, 47 P.S. § 4-493(1); however, liability

1. Act of December 15, 1982, P.L. 289, effective in 30 days.

has been limited only to those persons licensed to sell intoxicants by the decisions of this court and our supreme court.

The majority carefully and analytically sets forth the precedents upon which its holding is based. I do not dispute that the majority's holding is in conformance with those precedents. But after close analysis of the cases in light of the general principles of negligence, I believe the majority is in error and that a plaintiff should have a cause of action against a social host who serves intoxicants to an already intoxicated guest and is injured as a result.

In the seminal case of *Manning v. Andy*, 454 Pa. 237, 310 A.2d 75 (1973), the supreme court refused to impose liability on non-licensed dispensers of intoxicants. The court upheld the dismissal of the plaintiff's complaint which alleged a theory of *per se* negligence under Sec. 4–493 of the Liquor Code, stating: "Only licensed persons engaged in the *sale* of intoxicants have been held to be civilly liable to injured parties ..." *Id.*, 454 Pa. at 239, 310 A.2d at 76. (emphasis in original).

In addition to the *per curiam* opinion in *Manning*, Justice Pomeroy wrote a concurring opinion, and Justice Manderino wrote a dissenting opinion; in which Justice Roberts joined. Justice Pomeroy agreed that the plaintiff's complaint was properly dismissed inasmuch as it pleaded solely a cause of action based on a theory of *per se* negligence under the Liquor Code. However, he went on to state:

I hasten to add that in my view there is no reason in the nature of things why a private person should not be held liable if he serves liquor to one whom he knows to be intoxicated, and who he knows or should know is about to drive an automobile or engage in some other activity involving the potentiality of harm to himself or to others, with resulting damage. No legislative enactment is required to accomplish that result; it is ordinary tort law. (footnote omitted).

*Id.*, 454 Pa. at 242, 310 A.2d at 77. Moreover, Justice Manderino's dissent would allow the plaintiff to establish liability under the statute or under common law.

*Manning* has been interpreted by this court as specifically rejecting the imposition of liability on unlicensed persons. *Klein v. Raysinger*, 302 Pa.Super. 248, 448 A.2d 620 (1982) (McEwen, J. and Popovich, J. concurring in the result) *allocatur* granted; *Klein v. Raysinger*, 298 Pa.Super. 246, 444 A.2d 753 (1982) (Spaeth, J. concurring) *allocatur* granted; *Couts v. Ghion*, 281 Pa.Super. 135, 421 A.2d 1184 (1980) (Spaeth, J. concurring in the result and Van der Voort, J. dissenting). I believe that this interpretation is tenuous. The holding in *Manning* is just as susceptible to an interpretation that the courts *will not* recognize an action based on a theory of *per se* negligence under the liquor code when the defendant is an unlicensed dispenser; but *would* recognize, when properly pleaded, an action based on principles of common law negligence. It is this interpretation, as was advanced by Justice Pomeroy, which I find to be most similar to my own.

"Negligence is the want of due care which a reasonable man would apply under the circumstances. (citations omitted). Conduct is negligent only if the harmful consequences thereof could reasonably have been foreseen and prevented by the exercise of reasonable care." *Gift v. Palmer*, 392 Pa. 628, 630, 141 A.2d 408, 409 (1958). Furthermore, our supreme court has held:

The test of negligence is whether the wrongdoer could have anticipated and foreseen the likelihood of harm resulting from the act or omission. *Paulscak v. Hoebler*, 330 Pa. 184, 198 A. 646; Restatement, Torts, Sec. 284. Before an act can be held negligent it must reasonably be foreseen that the doing of it is attended with such probabilities of injury to another that a duty arises either to refrain from the act altogether, or to do it in such manner that harm does not result. It is well settled that conduct is negligent only if the harmful consequences thereof could reasonably have been foreseen and prevented."

*Scurfield v. Federal Laboratories,* 335 Pa. 145, 150, 6 A.2d 559, 561 (1939). See also *Jacob v. City of Philadelphia,* 333 Pa. 584, 586–87, 5 A.2d 176, 178 (1939); *McNello v. John B. Kelly, Inc.,* 283 F.2d 96, 100 (3rd Cir.1960). In *Macina v. McAdams,* 280 Pa.Super. 115, 421 A.2d 432 (1980). This court set forth the well recognized elements of a cause of action for negligence:

1. A duty, or obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unconscionable risks.

2. A failure on his part to conform to the standard required . . . .

3. A reasonably close causal connection between the conduct and the resulting injury . . . .

4. Actual loss or damage resulting to the interests of another . . . .

*Id.,* 280 Pa.Superior at 120, 421 A.2d at 434 (quoting Prosser, Law of Torts, § 30 at 143 (4th Ed.1971)).

It is apparent that damage has been sustained by the plaintiff herein. It is also apparent that a jury might find that the intoxication of the plaintiff was the proximate cause of his injuries. *Jardine v. Upper Darby Lodge No. 1973, Inc., supra.* In these regards there can be no discernable distinction between licensed and unlicensed dispensers of intoxicants. Since these elements have been, or might be, met, the issue herein with which we must concern ourselves is the *duty* to be imposed upon unlicensed dispensers of intoxicants. Thus far the courts have refused to impose any duty. I find this refusal to be contrary to established principles of negligence and basic common sense.

The duty imposed upon licensed dispensers of intoxicants is derived from the Liquor Code, 47 P.S. § 4–493, which makes it unlawful for any person to sell intoxicants to any person visibly intoxicated. The statute sets the standard by which licensed persons may be judged. Admittedly, the plaintiff is precluded from basing an action on the provi-

sions of the Liquor Code, *Manning v. Andy, supra,* yet I see no reason to preclude an action based on common law negligence.

We all have a duty to exercise reasonable care. The parameters of this duty have been inextricably linked with the forseeability of risk. As this court has stated:

> [T]he risk reasonably to be perceived defines the duty to be obeyed ..." *Palsgraf v. Long Island Railroad Co.,* 248 N.Y. 339, 344, 162 N.E. 99, 100 (1928). See e.g. *Zilka v. Sanctis Construction, Inc.,* 409 Pa. 396, 186 A.2d 897 (1962), *cert. denied,* 374 U.S. 850, 83 S.Ct. 1915, 10 L.Ed.2d 1070 (1963); *Hoover v. Sackett,* 221 Pa.Super. 447, 292 A.2d 461 (1972). *Only when the question of foreseeability is undeniably clear may a court rule as a matter of law that a particular defendant did not have a duty to a particular plaintiff. Metts v. Griglak,* 438 Pa. 392, 264 A.2d 684 (1970); *Palsgraf v. Long Island Railroad Co., supra.*

*Migyanko v. Thistlethwaite,* 275 Pa.Super. 500, 505, 419 A.2d 12, 14 (1980) (emphasis added). I think it is abundantly clear that the service of intoxicants to an obviously intoxicated person by one who *knows* that the intoxicated person intends to drive a motor vehicle creates a reasonably foreseeable risk of injury to those on the highways. As such I believe a duty exists in an unlicensed dispenser of intoxicants to use reasonable care in the performance of that function; including refraining from serving further intoxicants to an already intoxicated person. I think the same principals are applicable in determining whether a party is negligent in delivering automobile keys to an obviously intoxicated person.

I wish to make clear that I do not advocate the imposition of strict liability on a social host. My position is merely that it is incorrect to rule as a matter of law that no cause of action exists. I fully believe that the plaintiff herein has pleaded a proper cause of action in negligence, especially under the facts of this case because of the defendant's control of the automobile keys, and delivery of the same to

the allegedly intoxicated plaintiff. I am not persuaded by the "lack of privilege" argument advocated originally in *Klein v. Raysinger*, 302 Pa.Super. 248 fn. 3, 448 A.2d 620 fn. 3 (1982), and reflected in the majority's opinion. The recognition of a privilege generally depends on a balancing of the benefits and detriments resolved in favor of the privilege. Here, the benefits to society must surely outweigh any detriment, real or imagined, to the individual.

This case should have been allowed to proceed to a determination by the factfinder whether or not negligence existed, and whether or not liability should be imposed. See generally *Manning v. Andy, supra*, 454 Pa. at 242–250, 310 A.2d 77–81 (dissenting opinion by Justice Manderino). It is in this posture that I would vote to reverse the order of the lower court, and therefore I must respectfully dissent from the opinion of the majority.