527 A.2d 521

**Robert C. ORNER, Appellant,**

v.

**Roy MALLICK and Theodora Mallick, h/w, and the Media Regency Corporation t/a the Regency Hotel, and Edward Esslinger and Ann Esslinger, and Elizabeth Bonsall, Appellees.**

Supreme Court of Pennsylvania.

Argued Oct. 21, 1986.

Decided June 2, 1987.

Avram G. Adler, Philadelphia, for appellant.

Donald J.P. Sweeney, Philadelphia, for Mallick & Regency.

Charles P. Menszak, Jr., Philadelphia, for Edward & Ann Esslinger.

Richard A. Mitchell, Philadelphia, for Elizabeth Bonsall.

Francis A. Allen, Philadelphia, for Paul Restall Co., Inc.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

This case arose from the following facts. Appellant, Robert C. Orner, was a guest at a series of high school graduation parties which took place during the night of June 12, 1981, and the early morning hours of June 13, 1981. At that time Mr. Orner was approximately nineteen and one half years old. Mr. Orner attended at least three parties. The first party took place at the home of Edward and Ann Esslinger where Mr. Orner was allegedly served intoxicating beverages. The second party took place at the home of Elizabeth Bonsall where Mr. Orner was also allegedly served intoxicating beverages. The third place was at the Regency Hotel where Mr. Orner was again allegedly served intoxicating beverages.[1] At this last site Mr. Orner, who was allegedly intoxicated at the time, fell over a second floor railing and sustained serious head injuries.

Mr. Orner instituted suit against the hosts of all three parties in September, 1982. In May, 1983, after some procedural steps not here relevant Ms. Bonsall, the host of the second party, filed preliminary objections in the nature of a demurrer. The Honorable William R. Toal Jr., of the Court of Common Pleas of Delaware County, sustained the demurrer and dismissed Mr. Orner's action against Ms. Bonsall. The actions of Judge Toal were based upon the then prevailing law in this Commonwealth that no social host liability existed, even for service to a minor. *See Congini v. Portersville Valve Company*, 312 Pa.Super. 461, 458 A.2d 1384 (1983).

Mr. Orner appealed the common pleas' decision, and while his case was on appeal, this Court reversed the *Congini* decision, *Congini v. Portersville Valve Company*, 504 Pa. 157, 470 A.2d 515 (1983), and held that social host liability could exist for service of intoxicants to minors. Nevertheless the Superior Court affirmed the order of the lower court in this case, finding that even under our decision in

---

1. The Regency Hotel is owned operated and controlled by Roger and Theodora Mallick, along with the Media Regency Corporation.

*Congini, id.,* Mr. Orner had failed to state a cause of action against Ms. Bonsall. Mr. Orner then sought allowance of appeal, raising two issues: whether the Superior Court correctly interpreted our decision in *Congini;* and whether the Superior Court abused its discretion in refusing to allow him to amend his complaint.

We granted Mr. Orner's request for allowance of appeal, and we now reverse the order of the Superior Court.

The fundamental question in this case concerns the extent of social host liability for service of intoxicating beverages to a minor; specifically, at what point will the actions of a social host subject him to potential liability.

In analyzing this problem we must first bear in mind the procedural posture of this case. As remarked above, the defendant, Ms. Bonsall, filed preliminary objections in the nature of a demurrer. As such, for purposes of considering the instant appeal, the facts as stated in plaintiff's complaint are accepted as true. *Sinn v. Burd,* 486 Pa. 146, 149, 404 A.2d 672, 674 (1979). In addition, fact-based defenses, even those which might ultimately inure to the defendant's benefit, e.g., the plaintiff's contributory or comparative negligence, are not relevant on demurrer. Thus, the only relevant inquiry is whether the facts as pleaded state an actionable claim of negligence on the part of the defendant. *International Union of Operating Engineers v. Linesville Construction Company,* 457 Pa. 220, 233, 322 A.2d 353 (1974).

The elements necessary to plead an action in negligence are: the existence of a duty or obligation recognized by law; a failure on the part of the defendant to conform to that duty, or a breach thereof; a causal connection between the defendant's breach and the resulting injury; and actual loss or damage suffered by the complainant. *See Morena v. South Hills Health System,* 501 Pa. 634, 642 fn. 5, 462 A.2d 680, 684 fn. 5 (1983).

Prior to our opinion in *Congini* a social host was not responsible to anyone for injury resulting from the service

of intoxicants at a social occasion, and no action alleging such grounds could survive preliminary objection.

In *Klein v. Raysinger,* 504 Pa. 141, 470 A.2d 507 (1983), following the great weight of authority in the United States, we held that a social host was not at law the keeper of ordinary able-bodied men; that it was the consumption rather than the furnishing of alcohol that is the proximate cause of any subsequent occurrence. The consequences of accepting intoxicants were left to the personal responsibility of the guest, and the host was not required to answer for their effect. The adult guest who drank more than he should answered alone to himself and to all others for whatever injury followed his acceptance of intoxicants.

In *Congini,* delivered as a companion to *Klein,* we were faced with the service of intoxicants to a minor by a social host. Because the law in general seeks to protect minors where it can from their own indiscretions, and in specific prohibits the service of alcohol to minors, we felt compelled to sanction in the civil law what the criminal prohibits. Thus, in *Congini* we held that a social host "was negligent *per se* in serving alcohol to the point of intoxication to a person less than twenty-one years of age, and that they can be held liable for injuries proximately resulting from the minor's intoxication." *Id.,* 504 Pa. at 163, 470 A.2d at 518. In arriving at this conclusion we emphasized that in Pennsylvania "our legislature has made a legislative judgment that persons under twenty-one years of age are incompetent to handle alcohol," *id.,* 504 Pa. at 161, 470 A.2d at 517; and we accepted that legislative judgment as defining a duty of care on the part of adults *vis-a-vis* their minor guests. *See* § 286 Restatement of Torts, Second.

In the present case the Superior Court narrowly interpreted *Congini,* so as to require an averment that the social host served alcohol to a minor "to the point of intoxication"; and held that since the complaint in this case failed to make such an averment, no cause of action was stated. Unfortunately, the Superior Court misapprehended the underlying rationale of our decision in *Congini,* and as a result erred in its decision.

■ What we established in *Congini* was that adults owe a duty of care to their minor guests, and it is a breach of that duty to serve such guests alcohol in contravention of the clear proscriptions of the Crimes Code. It is important to emphasize that the breach occurs with the service of any alcohol to a minor, not just an amount sufficient to intoxicate the minor. *See Longstreth v. Gensel,* 423 Mich. 675, 377 N.W.2d 804 (1985); *Koback v. Crook,* 123 Wis.2d 259, 366 N.W.2d 857 (1985).

■ We readily acknowledge that the question of whether an adult defendant is responsible for a minor's intoxication is a relevant one. However, it is a question which goes to the issue of causation, not to the question of whether a defendant had a duty and/or breached a duty to the plaintiff.[2] Since in the present case the issue of causation is a pleaded fact, an inquiry into whether the actions of Ms. Bonsall caused plaintiff's injuries is not required at this juncture.[3]

Accordingly, the Order of the Superior Court is reversed and the case is remanded to the Court of Common Pleas of Delaware County for proceeding consistent with this opinion.[4]

HUTCHINSON, J., concurs, in the result.

NIX, C.J., and ZAPPALA, J., file dissenting opinions.

**2.** In *Congini v. Portersville,* 504 Pa. 157, 470 A.2d 515 (1983), we emphasized that the mere breach of a duty does not mandate a finding of liability, for the plaintiff still bears the burden of proving that the breach resulted in his injury. *Id.,* 504 Pa. at 163 fn. 4, 470 A.2d at 518, fn. 4.

**3.** We note that appellees in their argument attempt to rely on deposition testimony of the plaintiff which purports to establish that the latter was not intoxicated at the time he left the Bonsall residence. Such an argument is not cognizable on demurrer where, as noted above, the only "facts" are those contained in the complaint. *See Linda Coal & Supply Co. v. Tasa Coal Co.,* 416 Pa. 97, 204 A.2d 451 (1964). Whatever relevance the plaintiff's deposition might have, it may be cognizable at a later stage of the proceedings, *e.g.,* by way of motion for summary judgment, and nothing we say in this opinion is intended to foreclose that possibility.

**4.** In light of our disposition of appellant's first issue we need not reach the remaining issue.

NIX, Chief Justice, dissenting.

I dissent.

Today the majority suggests that there is no requirement of a nexus between the amount consumed as a result of the furnishing by the social host who is sought to be held liable and the subsequent injury. Under this theory one who permits a twenty-year old person to have a tablespoonful of an intoxicating substance would be responsible for any further conduct without any demonstration that that conduct was influenced by the consumption of the substance provided by that host. To me this is an unreasonable position and I therefore register my dissent.

In *Congini v. Portersville Valve Co.*, 504 Pa. 157, 470 A.2d 515 (1983), this Court found that the Crimes Code made it illegal for a minor to consume alcoholic beverages. *See* 18 Pa.C.S. § 6308. Any adult providing the minor with that substance would be equally liable as an accessory. *See* 18 Pa.C.S. § 306. Based upon this legislative expression, this Court properly found a duty of care which would proscribe furnishing alcoholic substances to minors. To that point I am in total agreement. However, given the fact that section 6308 of the Code places the primary responsibility on the minor,[1] this section must be interpreted as reflecting a legislative judgment that the minor is a competent person and is deemed criminally responsible for his own act in violating this prohibition.

The underlying premise of the majority's holding today is that the minor is incapable of any responsibility for his acts in handling this substance. Certainly such an intention was not evidenced by the legislative enactment being relied upon to create the duty. In my judgment, until there is consumption of the substance furnished by the host to the extent that it impairs the judgment of the minor, no liability should attach to the social host. The risk identified by the Crimes Code is that the immaturity of the minor would increase the possibility that he would use that substance in an intemper-

---

**1.** This of course would be applicable to these minors, who are subject to the Crimes Code (i.e., over 18 years of age) *See* Juvenile Act, 42 Pa.C.S. § 6301 *et seq.*

ate manner and therefore impair his judgment. Any action by that minor prior to that point of impairment is clearly the responsibility of that minor and not the responsibility of the social host.

I would not, however, adopt the term "intoxication" as the test as did the Superior Court in this matter. It is sufficient in my judgment to find liability if there is any degree of impairment that can be found to have occasioned his subsequent imbibing which resulted in this tragic injury.[2]

I would therefore remand the matter to the trial court giving the plaintiff an opportunity to amend his pleading to accord with the requirements herein set forth.

ZAPPALA, Justice, dissenting.

I join the Dissenting Opinion of Chief Justice Nix except insofar as it is inconsistent with my position in *Congini v. Portersville Valve Co.*, 504 Pa. 157, 470 A.2d 515 (1983) (Zappala, J. dissenting).

---

**2.** Again I remind the majority as I did in my dissent in *Matthews v. Konieczny*, 515 Pa. 106, 125–129, 527 A.2d 508, 518 (1987) (Nix, C.J., dissenting), where the duty is defined by statute the court is not permitted to apply rules of foreseeability and causation based upon judicial policy, but rather must strictly track the legislative intent in creating the duty in the first instance.