**Koller v. Rose**

*Michael Rosenzweig,* for plaintiff.
*Scott Millhouse,* for defendants.

KWIDIS, *J.,* November 24, 2008—Before this court is defendant Neely's motion for summary judgment. There are material issues of fact regarding the defendant, Cynthia L. Neely's liability as a landlord and/or social host.

On the evening of October 14, 2005 and extending into the morning hours of October 15, 2005, a party was held at defendant Neely's house. While defendant Neely was present at the time, the party was hosted by her nephew, Roth Neely, who is not named as a defendant, to whom she leased the basement of her home. Among others in attendance at the party was the defendant, Damian Rose, a minor, who consumed alcohol at the residence.

On his way home from the party in the early morning hours of October 15, 2006, defendant Rose was involved in a car accident and struck the plaintiff, Terina Koller, a pedestrian. On August 7, 2006, plaintiff filed a complaint alleging, in part, that defendant Neely was negligent under the theory of social host liability.

On July 1, 2008, defendant Neely filed a motion for summary judgment alleging that there was no evidence that: (1) she knew a party was scheduled at her home on October 14, 2005; (2) she purchased, helped purchase, delivered, or distributed the beer which was consumed at the party; (3) she invited defendant Rose or any other individual to the party; or (4) she "knowingly furnished"

alcoholic beverages to defendant Rose or any other individual at the party.

Under the Pennsylvania Rules of Civil Procedure, summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). The Supreme Court explained that "the record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Marks v. Tasman,* 527 Pa. 132, 135, 589 A.2d 205, 206 (1991) (citing *Davis v. Pennzoil Co.,* 438 Pa. 194, 264 A.2d 597 (1970)). The Supreme Court further elaborated that "[w]here the facts can support conflicting inferences, it cannot be said that the case is free and clear from doubt and thus ripe for summary judgment." *Washington v. Baxter,* 553 Pa. 434, 447 n.10, 719 A.2d 733, 740 n.10 (1998) (citing *Marks* at 135, 589 A.2d at 206).

For purposes of determining whether the grant of summary judgment is precluded, the court must consider the following factors: (1) whether the plaintiff has alleged facts sufficient to establish a prima facie case; (2) whether there is any discrepancy as to any facts material to the case; and (3) whether granting summary judgment would result in the trial court usurping the role of the jury by resolving material issues of fact. *Dudley v. USX Corporation,* 414 Pa. Super. 160, 606 A.2d 916 (1992); *Swords v. Harleysville Insurance Companies,* 584 Pa. 382, 883 A.2d 562 (2005).

Under these guidelines, this court has proceeded to analyze the controlling cases involving social host liability.

In *Congini by Congini v. Portersville Valve Company,* 504 Pa. 157, 470 A.2d 515 (1983), the Pennsylvania Supreme Court determined that a social host is negligent per se in serving alcohol to the point of intoxication to a person less than 21 years of age. In *Orner v. Mallick,* 515 Pa. 132, 527 A.2d 521 (1987), the court explained its decision in *Congini:*

"In arriving at this conclusion we emphasized that in Pennsylvania 'our legislature has made a legislative judgment that persons under 21 years of age are incompetent to handle alcohol,' *id.,* 504 Pa. at 161, 470 A.2d at 517; and we accepted that legislative judgment as defining a duty of care on the part of adults vis-à-vis their minor guests." *Id.* at 136, 527 A.2d at 523.

In *Congini* and *Orner,* the Supreme Court employed the standard of "knowingly" furnishing intoxicating beverages to minors.

The Third Circuit Court of Appeals elaborated upon the *Congini* and *Orner* standard in *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150 (3d Cir. 1986) and *MacLeary v. Hines,* 817 F.2d 1081 (3d Cir. 1987). In both cases, the Third Circuit held that a defendant who "knowingly" allows his or her premises to be used for the purpose of serving alcohol to minors may be liable even if the alcohol was provided by another individual.

Following the Third Circuit's decisions, the Pennsylvania Supreme Court again ruled on the standard of li-

468

ability in social host cases in *Alumni Association v. Sullivan,* 524 Pa. 356, 572 A.2d 1209 (1990). Even though the court in *Alumni Association* found that the defendant was not liable, it cited the *Fassett* and *Mac-Leary* opinions with approval. Specifically, the Supreme Court noted:

"The Third Circuit correctly determined in both instances that we would not restrict the application of the social host theory to solely those instances where the defendant was alleged to have *physically handed* an alcoholic beverage to a minor. *MacLeary,* 817 F.2d at 1081; *Fassett,* 807 F.2d at 1161. Upon the facts presented, we too, would have found that defendant met the 'knowingly furnished' requirement." *Id.* at 364, 572 A.2d at 1212-13. (emphasis in original)

In the instant matter, a genuine question of fact exists as to defendant Neely's liability as a social host. Neither party disputes the fact that defendant Neely did not supply any alcohol for the underage party. However, she was admittedly present at the party. Numerous witnesses saw defendant Neely interact with the underage children while they were drinking alcohol. Witnesses testified that defendant Neely talked with the minors and watched as they poured beer from the kegs. Defendant Neely was even seen carrying a cup of beer at one point. Furthermore, while the party originated in the basement apartment, it spread to the back porch and surrounding yard, which is part of defendant Neely's property that is not solely inhabited by her nephew.

Therefore, sufficient evidence exists to support a jury's conclusion that defendant Neely actually knew of alcohol

consumption by minors on her premises. On that basis, summary judgment is not appropriate in this case.

This court enters the following order.

## ORDER

And now, November 24, 2008, after argument and consideration of the briefs submitted by both parties in the above-captioned case, the motion for summary judgment of the defendant, Cynthia L. Neely is hereby denied.