**O'Hara v. Alaron Corp.**

*William G. Cohen,* for plaintiff.
*Gabriel P. Cilli,* for defendants.

COX, *J.,* March 15, 2011—Before the court for disposition are the preliminary objections filed on behalf of the defendants Alaron Corp., Joseph Harverson, Paul Martin and Sherry Vassilaros, which argue that Count II of the amended complaint is legally insufficient as the plaintiff has failed to establish a claim under the whistleblower provision of the Low-Level Radioactive Waste Disposal Act.

On May 26, 1987, the plaintiff began employment at Alaron Corp. (hereinafter "Alaron"), which is a Pennsylvania corporation located at R.D. #2, Box 2140, Wampum, Lawrence County, Pennsylvania, as a technician and was eventually promoted to project manager. Alaron is engaged in the business of decontaminating radioactive materials from nuclear power plants and also rebuilds pumps, motors, valves and other components from nuclear power plants. According to the complaint, the plaintiff was refurbishing a small motor which belonged to Surry Power Plant when he noticed Paul Duesenberry, an employee of the Electric Motor Company[1], attempt to operate a crane belonging to Alaron. The plaintiff explained to Mr. Duesenberry that he was not permitted to operate the crane and he also informed his supervisors at

---

1. Employees of the Electric Motor Company worked in conjunction with Alaron's employees to refurbish the small motor which belonged to Surry Power Plant.

Alaron of Mr. Duesenberry's actions.

The plaintiff was having difficulty cleaning the small motor he was refurbishing. Initially, Steve Miller, a supervisor for the Electric Motor Company, instructed the plaintiff that he was only permitted to clean the motor with distilled water, but the plaintiff noticed that distilled water did not accomplish the desired result. Mr. Miller subsequently informed the plaintiff to do whatever was necessary to clean the motor. As a result, the plaintiff utilized two types of degreasers and well water to clean the motor. Shortly thereafter, the plaintiff reported the instructions, provided by Mr. Miller, to his superiors at Alaron because he believed that the actions were dangerous to Alaron's employees, employees of the Electric Motor Company and the general public. On June 28, 2004, the plaintiff's employment was terminated by Alaron for alleged poor performance. However, the plaintiff believes he was terminated in retaliation for reporting the incidents involving Mr. Duesenberry's use of the crane and Mr. Miller's directions to improperly clean the motor.

On December 27, 2004, the plaintiff filed a writ of summons with the Office of the Prothonotary of Lawrence County. Eventually, the plaintiff also filed a complaint on January 11, 2010, which was approximately five years after he filed the writ of summons. The defendants responded by filing preliminary objections, which included the aforementioned claims of legal insufficiency and request for judgment of non pros. Oral argument regarding the defendants' preliminary objections was held before this court on June 28, 2010. The court sustained the defendants' preliminary objections on September 22, 2010, and dismissed counts I through IV and counts VI

through VIII with prejudice. It must be noted that count V regarding the Pennsylvania Whistleblower Law was also dismissed, but the plaintiff was permitted to amend that claim. However, the court denied the defendants' request for judgment of non pros.

On October 12, 2010, the plaintiff filed an amended complaint, which contained five counts. It is important to note that the amended complaint was substantially the same as the original complaint filed by the plaintiff and included the claims that were dismissed with prejudice. The plaintiff subsequently contacted the Office of the District Court Administrator and requested a time to file and argue various motions, which was done on October 28, 2010. At that time, counsel for plaintiff presented a motion for leave to file amended complaint, a motion for certification for interlocutory appeal and a motion for reconsideration. It is important to note that those documents were presented to the court beyond the 30-day period from the filing of the order of court on September 22, 2010, sustaining the original preliminary objections. In response, the defendants filed preliminary objections to the amended complaint on October 29, 2010. The court entered an order on November 19, 2010, denying the motion for leave to file amended complaint, the motion for certification for interlocutory appeal and the motion for reconsideration. At the same time, the defendants presented a motion for sanctions, which the court granted and dismissed Counts I, III, IV and V of the plaintiff's amended complaint as those claims were previously dismissed with prejudice.

"A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient." *Cooper v. Frankford Health Care System,*

*Inc.*, 960 A.2d 134, 143 (Pa. Super. 2008) (citing *Cardenas v. Schober,* 783 A.2d 317, 321 (Pa. Super. 2001)). A demurrer must be resolved based solely on the pleadings, no testimony or evidence outside of the complaint may be considered to dispose of the legal issue presented. *Id.* "All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true." *Hess v. Fox Rothschild, LLP,* 925 A.2d 798, 805 (Pa. Super. 2007) (citing *Cardenas,* supra.). A demurrer will only be sustained in cases where the complaint fails to set forth a valid cause of action. *Lerner v. Lerner,* 954 A.2d 1229, 1235 (Pa. Super. 2008) (citing *McArdle v. Tronetti,* 627 A.2d 1219, 1221 (Pa. Super. 1993)). If a doubt exists regarding whether a demurrer should be sustained, the doubt must be resolved in favor of overruling the demurrer. *R.W. v. Manzek,* 585 Pa. 335, 351, 888 A.2d 740, 749 (2005) (citing *Orner v. Mallick,* 515 Pa. 132,135, 527 A.2d 521, 523 (1987)).

Count II of the plaintiff's amended complaint asserts that Alaron violated the Pennsylvania Whistleblower Law and the whistleblower provision in the Low-Level Radioactive Waste Disposal Act. This court previously dismissed the plaintiff's claim pursuant to the Pennsylvania whistleblower Law in the order of court dated September 22, 2010. In his amended complaint, the plaintiff again failed to plead sufficient facts to sustain a cause of action under the Pennsylvania Whistleblower Law in accordance with the court's opinion dated September 22, 2010.

Now, the court must address whether Alaron has established a claim pursuant to the whistleblower provision of the Low-Level Radioactive Waste Disposal Act, which states, "No employer may discharge, threaten

or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing." 35 P.S. §7130.509(a). The definitions section of that statute defines wrongdoing as, "A violation which is not of a merely technical or minimal nature of a Federal or state statute, regulation, license, permit or order relating to the operation of low-level waste facilities or relating to the preservation of the public health and safety in relation to such facilities." 35 P.S. §7130.509(d). It must be noted that this act is "to be liberally construed so as to best achieve and effectuate the goals and purposes thereof." 35 P.S. §7130.902. In the amended complaint, the plaintiff states that the acts he reported were violations of Section 206(a) of the Energy Reorganization Act of 1974, 42 U.S.C. §5846(a), 10 C.F.R. §§71.119, 71.127, 71.131 and 71.133. Section 206(a) of the Energy Reorganization Act states:

Sec. 206. Noncompliance

(a) Any individual director, or responsible officer of a firm constructing, owning, operating, or supplying the components of any facility or activity which is licensed or otherwise regulated pursuant to the Atomic Energy Act of 1954 as amended, or pursuant to this Act, who obtains information reasonably indicating that such facility or activity or basic components supplies to such facility or activity-

(1) fails to comply with the Atomic Energy Act of 1954,

as amended, or any applicable rule, regulation, order, or license of the commission relating to substantial safety hazards, or

(2) contains a defect which could create a substantial safety hazard, as defined by regulations which the commission shall promulgate, shall immediately notify the commission of such failure to comply, or of such defect, unless such person has actual knowledge that the commission has been adequately informed of such defect or failure to comply.

42 U.S.C. §5846(a) mandates:

Any individual director, or responsible officer of a firm constructing, owning, operating, or supplying the components of any facility or activity which is licensed or otherwise regulated pursuant to the Atomic Energy of 1954 as amended, or pursuant to this Chapter, who obtains information reasonably indicating that such facility or activity or basic component supplied to such facility or activity --

(1) fails to comply with the Atomic Energy Act of 1954, as amended, or any applicable rule, regulation, order, or license of the commission relating to substantial safety hazards, or

(2) contains a defect which could create a substantial safety hazard, as defined by regulations which the commission shall promulgate,

shall immediately notify the commission of such failure to comply, or of such defect, unless such

person has actual knowledge that the commission has been adequately informed of such defect or failure to comply.

Moreover, "The licensee...shall establish measures to assure that special processes, including welding, heat treating, and nondestructive testing are controlled and accomplished by qualified personnel using qualified procedures in accordance with applicable codes, standards, specifications, criteria, and other special requirements." 10 C.F.R. §71.119. Licensees are also required to establish measures to control the cleaning and preservation of materials and equipment to be used in packaging to prevent damage or deterioration. 10 C.F.R. §71.127. "The licensee...shall establish measures to control materials, parts, or components that do not conform to the licensee's requirements to prevent their inadvertent use or installation." 10 C.F.R. §71.131. Licensees are also required to take measures to assure any conditions that are adverse to quality or in nonconformance are promptly identified and corrected. 10 C.F.R. §71.133.

In the case sub judice, the plaintiff avers that shortly before the termination of his employment at Alaron, while he was cleaning a small motor which belonged to Surry Power Plant, he observed Paul Duesenberry attempt to operate a crane belonging to Alaron. The plaintiff thought that Mr. Duesenberry was not qualified to operate the crane and he advised his supervisors of this incident, which he believed he was required to do pursuant to the aforementioned federal statutes and regulations. Additionally, the plaintiff was instructed by Steve Miller, the supervisor at Electric Motor Company, that all small

motors were to be cleaned with distilled water and solvents were not to be used. However, the plaintiff was unable to remove the debris from the motor utilizing distilled water, so he contacted Mr. Miller and informed him of the problem. Mr. Miller instructed him to do whatever was necessary to clean the motor, so the plaintiff used two different types of degreaser and well water to clean the motor. The plaintiff also believed that those instructions were in violation of the aforementioned federal statutes and regulations, which required him to inform his superiors at Alaron.

On June 24, 2004, the plaintiff's employment at Alaron was terminated. The defendant explained that the plaintiff's employment was terminated for poor performance.

These facts are not sufficient to establish a claim pursuant to 35 P.S. §7130.509. The amended complaint is devoid of any allegation that Mr. Duesenberry operating the crane or Mr. Miller instructing the plaintiff to clean the small motor with solvents affected the processing or disposal of radioactive waste. Furthermore, there is no mention as to how these events violated a state or federal statute which required the plaintiff to report them to his supervisor. It is also important to note that the amended complaint does not contain an averment explaining whether those actions affected the public health or safety. Although the plaintiff avers that Alaron is a licensee of the Nuclear Regulatory Commission, there is no indication that the events in this case affected its ability to safely dispose of low-level radioactive waste in a manner that would require presenting a report to the NRC or to any other agency or commission assigned to supervising the

disposal of radioactive waste. Even if the court examines Count II of the amended complaint in a light most favorable to the plaintiff, the violations alleged are either merely technical or minimal in nature, which places them outside of the scope of the definition of wrongdoing as defined by the whistleblower provision of Low-Level Radioactive Waste Disposal Act. 35 P.S. §7130.509(d). Additionally, there is no indication that the incidents for which the plaintiff informed his supervisors caused any risk of danger in the processing of radioactive waste, which further demonstrates that the plaintiff failed to plead a cause of action in Count II of his amended complaint.

For the reasons set forth in this opinion, the court sustains the defendants' preliminary objections to the amended complaint and Count II of the plaintiff's amended complaint is dismissed with prejudice.

## ORDER OF THE COURT

And now, March 15, 2011, this case being before the court on February 28, 2011, for oral argument on the preliminary objections filed on behalf of the defendants, with all parties appearing, the plaintiff, Randy L. O'Hara, represented through counsel, William G. Cohen, Esquire, the defendant Alaron Corp., represented through counsel, Gabriel P. Cilli, Esquire and after consideration of the preliminary objections filed by the defendant, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

1. The preliminary objections are hereby sustained.

2. In accordance with the attached opinion, the

amended complaint filed by the plaintiff is hereby dismissed with prejudice.

3. The prothonotary is directed to serve a copy of this order of court upon counsel of record, William G. Cohen, Esquire and Gabriel P. Cilli, Esquire.