COX, J.,
Before the court for disposition are the preliminary objections to plaintiff’s complaint pursuant To Pa.R.C.P. 1028(a)(4) [sic] of defendant Aaron’s Inc. which argue that the plaintiff’s claims pursuant to Pennsylvania’s Fair Credit Extension and Uniformity Act (hereinafter “FCEUA”) and Unfair *320 Trade Practices and Consumer Protection Law (hereinafter “UTPCPL”) are legally insufficient as the plaintiff has failed to allege that the plaintiff purchased or leased goods for personal, family or household purposes, there was no averment of ascertainable loss based on plaintiff’s reliance on the defendant’s alleged representations and there are no allegations that the plaintiff’s reliance on the defendant’s representations was justifiable.
The plaintiff David J. Dean, III, avers that the defendant Aaron’s, Inc., engages in the business of collecting debts. In 2008, the defendant contacted the plaintiff to verify the employment history of an individual named “Jennifer”[1] stating that “Jennifer” listed him as a reference. The defendant also requested permission to contact the plaintiff if it was unable to reach “Jennifer” in the event of an emergency and the plaintiff agreed. The plaintiff avers that the defendant did not inform him that he was being used as a credit reference as opposed to an employment reference. The defendant contacted the plaintiff on seven occasions between May of 2011 and August of 2011 concerning a debt owed by “Jennifer.” However, the plaintiff avers that each time the defendant contacted him, they failed to inquire about the location of “Jennifer.”
The plaintiff filed suit asserting that the defendant’s debt collection process violated the FCEUA as the repeated telephone calls were meant to harass and abuse the plaintiff. In response, the defendant filed preliminary objections to plaintiff’s complaint pursuant To Pa.R.C.P. 1028(a)(4) [sic] of defendant Aaron’s Inc. which argue that the plaintiff’s claims pursuant to the FCEUA and UTPCPL are legally insufficient as the plaintiff has failed *321 to allege that the plaintiff purchased or leased goods for personal, family or household purposes, there was no averment of ascertainable loss based on plaintiff’s reliance on the defendant’s alleged representations and there are no allegations that the plaintiff’s reliance on the defendant’s representations was justifiable.
“A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient.” Cooper v. Frankford Health Care System, Inc., 960 A.2d 134, 143 (Pa. Super. 2008) (citing Cardenas v. Schober, 783 A.2d 317, 321 (Pa. Super. 2001)). A demurrer must be resolved based solely on the pleadings, no testimony or evidence outside of the complaint may be considered to dispose of the legal issue presented. Id. “All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true.” Hess v. Fox Rothschild, LLP, 925 A.2d 798, 805 (Pa. Super. 2007) (citing Cardenas, supra.). A demurrer will only be sustained in cases where the complaint fails to set forth a valid cause of action. Lerner v. Lerner, 954 A.2d 1229, 1235 (Pa. Super. 2008) (citing McArdle v. Tronetti, 426 Pa.Super. 607, 627 A.2d 1219, 1221 (1993)). If a doubt exists regarding whether a demurrer should be sustained, the doubt must be resolved in favor of overruling the demurrer. R.W. v. Manzek, 585 Pa. 335, 351, 888 A.2d 740,749 (2005) (citations omitted). Fact-based defenses are irrelevant when ruling on a preliminary objection in the nature of a demurrer. Werner v. Plater-Zyberk, 799 A.2d 776, 783 (Pa. Super. 2002)(citing Orner v. Mallick, 515 Pa. 132, 135, 527 A.2d 521, 523 (1987)). “A ‘speaking demurrer’ is defined as ‘one which, in order to sustain itself, requires the aid of a fact not appearing on the face of the pleading objected to, or in other words, which alleges or assumes the existence of a fact not already *322 pleaded, and which constitutes the ground of objection and is condemned both by the common law and the code system of the pleading.’” Regal Indus. Corp. v. Crum and Forster, Inc., 890 A.2d 395, 398 (Pa. Super. 2005) (quoting Black’s Law Dictionary 299 (6th ed. 1991)). The court is not permitted to consider a speaking demurrer in rendering its decision on preliminary objections. Id.
The plaintiff claims that the defendant violated 73 P.S. § 2270.4(b)(l)(i), (iii),(b)(3), (b)(4)(v), (b)(4)(vi), (b)(5) (x) and (b)(6), which state as follows:
(b) By creditors. — With respect to debt collection activities of creditors in this Commonwealth, it shall constitute an unfair or deceptive debt collection act or practice under this act if a creditor violates any of the following provisions:
(1) Any creditor communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall:
(i) identify himself, state thatheis confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;
[[Image here]]
(iii) not communicate with any such person more than once unless requested to do so by such person or unless the creditor reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;
[[Image here]]
(3) Except as provided in paragraph (1), without *323 the prior consent of the consumer given directly to the creditor or the express permission of a court of competent jurisdiction or as reasonably necessary to effectuate a postjudgment judicial remedy, a creditor may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, a debt collector, the attorney of the debt collector or the attorney of the creditor.
(4) A creditor may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this paragraph:
[[Image here]]
(v) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number.
(vi) Except as provided in paragraph (1), the placement of telephone calls without meaningful disclosure of the caller’s identity.
(5) A creditor may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this paragraph:
[[Image here]]
(x) The use of any false representation or deceptive *324 means to collect or attempt to collect any debt or to obtain information concerning a consumer.
The FCEUA is enforced through the remedial provision of the UTPCPL located in 73 P.S. § 201-9.2 as 73 P.S. § 2270.04(a) states, “[it] shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices Act.” Kaymark v. Bank of America, N.A., 11 F.Supp.3d 496, 507 (W.D. Pa. 2014). As a result, a plaintiff seeking to recover under the FCEUA must demonstrate that he or she “1) purchased or leased goods or services primarily for a personal, family, or household purpose; 2) suffered an ascertainable loss of money or property; and 3) the loss occurred as a result of the use or employment by a person of a method, act, or practice declared unlawful by the UTPCPL.” Id., 11 F.Supp.3d at 507-508 (citing 73 P.S. § 201-9.2(a)). The essential elements of any UTPCPL claim are the plaintiff must suffer an ascertainable loss and the loss was the result of reliance on the defendant’s conduct. Id., 11 F.Supp.3d at 508 (citing Ash v. Cont’l Ins. Co., 593 Pa. 523, 932 A.2d 877, 881 (2007)). A plaintiff is required to demonstrate that he or she suffered an ascertainable loss of money or property as a result of the defendant’s actions. Id. (citing Weinberg v. Sun Co., 565 Pa. 612, 777 A.2d 442, 446 (2001)); See also Benner v. Bank of America, N.A., 917 F.Supp.2d 338 (E.D. Pa. 2013) (citing Brock v. Thomas, 782 F.Supp.2d 133, 137 (E.D. Pa. 2011); Baynes v. George E. Mason Funeral Home, Inc., 2011 WL 2181469 (W.D. Pa. 2011); Rubenstein v. Dovenmuehle Mortg., Inc., 2009 WL 3467769 (E.D. Pa. 2009); Solarchick ex rel. Solarchick v. Metro. Life Ins. Co., 430 F.Supp.2d 511 (W.D. Pa. 2006)). Ascertainable loss does not include costs of filing suit or reasonable attorney fees. Grimes v. Enterprise Leasing *325 Co. of Phila., LLC, 105 A.3d 1188, 1193-1194 (Pa. 2014).
In the current case, the plaintiff avers that the defendant contacted him in 2008 via telephone concerning a reference for an individual named “Jennifer” regarding her employment history. The defendant also requested permission to contact the plaintiff in the event of an emergency and it is unable to contact “Jennifer.” The plaintiff agreed to be the emergency contact for “Jennifer”; however, the plaintiff was under the impression that the reference was related to employment opportunity for “Jennifer” and not a credit reference. The plaintiff claims the defendant’s use of the term reference misled him to believing that he was providing an employment reference and not a credit reference. The defendant subsequently contacted the plaintiff seven times between May of 2011 and August 2011.
The plaintiff has failed to aver several of the essential elements for a claim based upon violations of the FCEUA and the UTPCPL. First, the plaintiff has failed to aver that the defendant willfully misrepresented that it was calling for an employment reference instead of a credit reference concerning “Jennifer.” According to the complaint, the defendant merely asked for a reference and did not specify what type of reference it was seeking. Hence, the plaintiff has failed to aver that the defendant utilized a deceptive practice when it requested a reference for “Jennifer.” It must be noted that the plaintiff did not inquire as to what type of reference the defendant was seeking; he merely assumed that it was an employment reference. Moreover, the plaintiff has failed to state that he suffered an ascertainable loss of money or property due to the defendant’s conduct. The complaint states that the plaintiff received seven telephone calls from the *326 defendant between May of 2011 and August of 2011, but he does not specify that those calls attributed to any loss of money or property. Although, the plaintiff may have been inconvenienced from the repeated telephone calls he received requesting that he instruct “Jennifer” to call the defendant, the complaint is devoid of any allegation that he suffered an ascertainable loss caused by those calls. According to the established case law, ascertainable loss is an essential element of any FCEUA or UTPCPL claim and the plaintiff has failed to aver that he received an ascertainable loss.
For the reasons set forth in this opinion, the defendant’s preliminary objections are granted and the plaintiffs complaint is dismissed as he failed to allege a legally sufficient claim based upon a violation of the FCEUA or the UTPCPL.
ORDER OF COURT
Now this 15th day of April, 2015, this case was before the court on March 30, 2015, for oral argument on the preliminary objections to plaintiff’s complaint and both parties appeared, the plaintiff David J. Dean, III, appeared pro se and the defendant Aaron’s, represented through counsel, Sean R. Riley, Esquire and after consideration of the statements made by the parties and the brief submitted by the defendant, and a complete and thorough review of the applicable file, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:
1. In accordance with the attached opinion, the preliminary objections filed by the defendant are hereby sustained.
2. The complaint filed by the plaintiff is hereby dismissed with prejudice.
*327 3. The prothonotary is directed to serve a copy of this order of court upon counsel of record and if a party has no counsel, then upon that party at their last known address contained in the file.

. It must be noted that the complaint does not provide “Jennifer’s” last name.