487 A.2d 887

**Andrew N. FARNESE, III and Anna Marie Farnese**

**v.**

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY and City of Philadelphia.**

**Appeal of SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY.**

Superior Court of Pennsylvania.

Argued June 11, 1984.

Filed Jan. 16, 1985.

Petition for Allowance of Appeal Denied May 14, 1985.

132

William H. Roberts, Philadelphia, for appellant.
Fredric L. Goldfein, Philadelphia, for appellees.

Before CIRILLO, BECK and CERCONE, JJ.

CERCONE, Judge:

The plaintiffs, Mr. and Mrs. Farnese, brought suit against the Southeastern Pennsylvania Transportation Authority (hereinafter "SEPTA") for injuries allegedly suffered while he was a passenger on a SEPTA bus. SEPTA joined the City of Philadelphia (hereinafter "City") as an additional defendant, averring that the City failed to keep its streets in a state of repair, which precipitated Mr. Farnese's injuries. At the close of evidence the court directed a verdict in favor of the City. The jury returned a verdict in favor of the plaintiffs and against SEPTA. SEPTA filed post-trial motions which were denied by the court sitting *en banc*. Having settled with plaintiffs, on appeal SEPTA only pursues its claim that the trial court erred in entering a directed verdict in City's favor.

The evidence which was submitted to the jury may be briefly summarized in the following manner. The City was reconstructing Chestnut Street for use as its transit-way. The street had been stripped of its asphalt surface, exposing the rough concrete base. A cold patch was applied to raised intersections and man-hole covers resulting in a tapered surface for vehicles to pass over. On the date of the accident, construction was going on and various pieces of construction equipment and supplies were scattered along the transit way.

SEPTA had requested permission from the City to use the construction area for bus traffic and the City granted the request. The SEPTA bus carrying Mr. Farnese was traveling 35 to 40 miles per hour along Chestnut Street, through the construction zone, when it apparently encountered some object or obstacle causing a sudden up and down jolt to the bus. This jolt threw Mr. Farnese up and down on his seat causing him the injuries for which he sued. The exact point of the accident along Chestnut Street was not specified by any party. Likewise, SEPTA did not allege the exact nature of the cause of the jolt to the bus, other than

the general conditions of the street. It offered no evidence as to the exact cause of the jolt and the cause was never determined.

The trial court directed a verdict for the City reasoning that since SEPTA had offered no evidence that the transitway was unsafe for ordinary traffic and SEPTA had failed to allege or show what the bus had struck, it therefore failed to show the City was responsible for such obstacle.

The law is clear that at trial defendant (SEPTA) had the burden of proving by a fair preponderance of the evidence that the additional defendant, the City was negligent and that its negligence was the proximate cause of the accident. *Flagiello v. Crilly*, 409 Pa. 389, 390, 187 A.2d 289 (1983) (citations omitted). Further, the law is clear that "when a party who has the burden of proof relies upon circumstantial evidence and inferences reasonably deductible therefrom, such evidence, in order to prevail, must be adequate to establish the conclusion sought and must so preponderate in favor of that conclusion as to outweigh in the mind of the fact-finder any other evidence and reasonable inferences therefrom which are inconsistent therewith." *Id.*, 409 Pa. at 391, 187 A.2d at 290. Proximate causation is a question of law based on policy and immediate or actual causation is a question of fact for the jury. *See Flickinger Estate v. Ritsky*, 452 Pa. 69, 305 A.2d 40 (1973).

The real issue in this case is how much and what kind of circumstantial evidence is sufficient to raise not only the inference of negligence on the part of the City but also to raise the inference of a causal connection between the City's negligence and the injury which occurred. To prove possibility only or to leave the issue to surmise or conjecture is never sufficient to sustain a verdict. *Moyer v. Ford Motor Co.*, 205 Pa.Super.Ct. 384, 209 A.2d 43 (1965). Where there is no evidence of or the evidence is insufficient to justify an inference of negligence and causation, the court will direct a verdict in favor or the party against whom liability is sought. *Lescznski v. Pittsburgh Railways Co.*, 409 Pa. 102, 185 A.2d 538 (1962).

■ We agree with the court below that, as a matter of law, SEPTA failed to offer evidence which was sufficient to raise an inference that the negligence of the City was the proximate cause of the injuries incurred by plaintiff. While we acknowledge that questions of negligence and causation are to be resolved by the jury, and not the judge, the question of the sufficiency of the evidence before presenting a question to the jury is clearly within the discretion of the trial judge. In fact, the trial court has a duty to prevent questions from going to the jury which would require it to reach a verdict based on conjecture, surmise, guess or speculation. *See, i.e., Lescznski, supra,* 409 Pa. at 109, 185 A.2d at 541.

In this case the trial court clearly found that SEPTA had presented insufficient evidence to show that the City's actions or negligence was the proximate cause of the accident. The court *en banc* stated:

SEPTA's contention fails for the reasons that there is nothing in the record to show how or in what way the condition of the transit-way was related to the accident. There is nothing in the record to show just what roadway condition was coupled with improper speed to cause the jolt or impact which caused [plaintiff] to be hurled and thrown out of his seat.

■ SEPTA offered no specific evidence as to the cause of the jolt. It did not offer its driver as a witness in an attempt to pin point the site of the accident or the specific cause. The general evidence in the record is clearly insufficient to shift the burden of proof to the defendant, City of Philadelphia, for two reasons. With such lack of specificity, there is no basis upon which the City could rebut SEPTA's claim. A basic rule of due process is that a plaintiff must set forth a *prima facie* case with sufficient specificity so that the defendant is put on notice as to that against which it must defend. Secondly, as a matter of policy, this court must be careful not to allow any party injured in or around a road construction site to sue the City (or municipality)

without requiring that party to set forth a *prima facie* case as to how the City's negligent maintenance of that site causally produced the injury alleged. Construction sites, by their very nature, are less safe than smooth streets; construction sites, however inconvenient, are important and unavoidable necessities in a metropolitan area which must constantly up-grade its streets to accommodate modern traffic needs.

The plaintiff has a two fold burden; that is, it must present evidence that the City was negligent in its supervision of the Chestnut Street construction and that its negligence was causally connected with the accident. The plaintiff has clearly failed to meet the second element of its burden. The plaintiff offered absolutely no evidence as to the second element. The plaintiff asks this court to resort to circumstantial supposition. Appellant asks to be allowed to present the jury with a question of the City's liability based merely on the fact that the SEPTA bus was travelling over an admittedly rough road under construction. Contrary to appellant's contention, the evidence is not sufficient to allow a jury to reasonably infer that the City's actions causally created the accident. A party is not entitled to an inference of fact which amounts merely to a guess or conjecture, *Flaherty v. Pennsylvania Railroad Co.*, 426 Pa. 83, 85, 231 A.2d 179, 180 (1967), nor may a jury be permitted to reach its verdict merely on the basis of speculation or conjecture; there must be evidence upon which logically its conclusion may be based. *Flagiello v. Crilly*, 409 Pa. 389, 187 A.2d 289 (1963) (citations omitted).

This case is very similar to that of *Cuthbert v. Philadelphia*, 417 Pa. 610, 209 A.2d 261 (1965) in which the Supreme Court reversed the court below and entered a judgment n.o.v. in favor of both defendants. In that case, plaintiff fell and was injured while crossing a public street. At the site where she fell, there were properly maintained railroad tracks and a depression in the street 3 to 4 inches deep and 6–½ feet in length—which, if it had been the cause of plaintiff's fall, would admittedly be sufficient to prove that the City's negligence was the cause of her injury. How-

ever, the plaintiff failed to submit evidence which, as a matter of law, was sufficient to prove that the depression and not the tracks was the cause of her fall. The court noted that the case should never have gone to the jury, citing *Idlette v. Tracey*, 407 Pa. 278, 180 A.2d 37 (1962), and ordered a judgment N.O.V. in favor of both defendants.

Likewise in the instant case, SEPTA has only offered evidence that Chestnut Street was in a state of disrepair during its reconstruction. The only testimony it offered as to the cause of the accident is that given by the plaintiff, Farnese, and two other passengers. None of these witnesses actually looked at the road to see what the bus had struck. They each merely concluded that the bus hit "something in the road." In all interests of fairness, such testimony is insufficient to form the basis of an inference that the City was negligent in its supervision of the road construction. Such testimony certainly does not meet the test, previously stated, that when relying on circumstantial evidence, that evidence must so preponderate in favor of that conclusion as to outweigh any other evidence and reasonable inferences therefrom which are inconsistent with it. The court below was correct in finding that SEPTA's circumstantial evidence was insufficient to raise an inference as to the City's liability and is, therefore, affirmed.

The judgment of the court below is affirmed.