639 A.2d 491

Robert C. ORNER, Appellant,

v.

Rog MALLICK and Theodora Mallick h/w, and the Media Regency Corporation, t/a the Regency Motel and Ann Esslinger and Elizabeth Bonsall.

Superior Court of Pennsylvania.

Argued Jan. 11, 1994.

Filed March 29, 1994.

Avram G. Adler, Philadelphia, for appellant.

Gary K. Feldbaum, Philadelphia, for Esslinger, appellee.

Frances M. Piccolli, Media, for Bonsall, appellee.

Before CIRILLO, BECK and HOFFMAN, JJ.

CIRILLO, Judge.

Plaintiff/appellant Robert C. Orner appeals from an order of the Court of Common Pleas of Delaware County denying his motion to remove a nonsuit. We affirm.

Robert Orner was nineteen years old when he graduated from high school in June of 1983. On June 12, 1983, Orner attended a high school graduation party hosted by defendants Edward and Ann Esslinger. Beer was served at the party. Orner remained at the party for two hours. Thereafter, Orner went to another graduation party hosted by defendant Elizabeth Bonsall. Beer was also served at the Bonsall party. Orner stayed there for approximately one and one-half hours. At approximately midnight, Orner and one of his friends left the Bonsall party and went to another party at the Regency

Hotel on Baltimore Pike in Media, Pennsylvania. Orner and his friend arrived at the Regency Hotel at approximately 12:30 a.m. Beer was available at that party also.

Early in the morning hours of June 13, Orner ran down a dimly lit ramp at the Regency Hotel when he thought his ride was leaving. He fell over a railing and dropped one story to the parking lot. As a result of his fall, Orner was seriously injured. He suffered a fractured skull, fractured facial bones, brain damage, and a seizure disorder.

Orner filed an action against Rog and Theodora Mallick, owners and operators of the Regency Hotel, the Media Regency Corporation, Edward and Ann Esslinger, and Elizabeth Bonsall. The action against the Mallicks and the Media Regency Hotel was settled pursuant to a joint tortfeasor release. In the action against defendant Bonsall, Bonsall filed preliminary objections in the nature of a demurrer. The trial court, based upon the prevailing law that no social host liability existed in the Commonwealth, sustained Bonsall's preliminary objections. The trial court relied upon this court's decision in *Congini v. Portersville Valve Company*, 312 Pa.Super. 461, 458 A.2d 1384 (1984). Orner appealed to this court and, while his case was on appeal, the *Congini* decision was reversed by the Pennsylvania Supreme Court. *Congini v. Portersville Valve Company*, 504 Pa. 157, 470 A.2d 515 (1983). Nonetheless, this court found that Orner failed to state a cause of action in negligence. Orner sought and was granted leave to appeal to the Pennsylvania Supreme Court. The Supreme Court, finding that this court had interpreted *Congini* incorrectly, reversed and remanded Orner's case for trial.[1] Orner's case against Bonsall was reinstated, and the cases against Bonsall and the Esslingers were tried together before the Honorable William R. Toal, Jr.

1. This court had narrowly interpreted *Congini*, finding that Orner's complaint failed to aver that the social host had served alcohol to a minor "to the point of intoxication;" the Supreme Court found that this was a misapprehension of its decision. *Orner v. Mallick*, 515 Pa. 132, 136, 527 A.2d 521, 523 (1987). The Court emphasized that "the breach occurs with the service of any alcohol to a minor, not just an amount sufficient to intoxicate the minor. *Id.* at 137, 527 A.2d at 524.

At trial, Orner presented his case on liability. Bonsall and the Esslingers then filed motions for compulsory nonsuit. Judge Toal granted both motions, finding that Orner had failed to establish that the drinking of beer at the first two parties was the proximate cause of his fall over the railing. Orner's motion to remove the nonsuit was denied.

■ On appeal, Orner questions the propriety of the court's order granting nonsuit. Though conceding that the ramp at the Regency Hotel was dimly lit, and relying upon this contention in his claim against the Regency Hotel, Orner contends that the defendants' actions in serving intoxicating beverages initiated "a train of drinking resulting in erratic behavior" and the fall over the railing.

■ An order granting nonsuit is proper only if the jury, viewing the evidence and all reasonable inferences arising from it in the light most favorable to the plaintiff, could not reasonably conclude that the elements of the cause of action had been established. *See Ford v. Jeffries*, 474 Pa. 588, 591–592, 379 A.2d 111, 112–13 (1977). However, it is well established that a jury cannot be permitted to reach its verdict on the basis of speculation or conjecture. *Smith v. Bell Telephone Company*, 397 Pa. 134, 153 A.2d 477 (1959).

The requisite elements of negligence are well established: They include:

> a duty or obligation recognized by law, requiring the actor to conform to a certain standard of conduct; a failure to conform to the standard required; a causal connection between the conduct and the resulting injury; and the actual loss or damage resulting to the interest of another.

*Morena v. South Hills Health System*, 501 Pa. 634, 642 n. 5, 462 A.2d 680, 684 n. 5 (1983) (citations omitted).

The trial court found that Orner had failed to establish the element of causation. Viewing the evidence and inferences in favor of Orner, we agree with the trial court that Orner's claims are attenuated and that a jury, without engaging in speculation or conjecture, could not have reasonably concluded

that the element of causation had been established. *Ford, supra; Smith, supra.*

In *Congini,* the Pennsylvania Supreme Court held that adults owe a duty of care to their minor guests and it is a breach of that duty to serve alcohol to minor guests in contravention of the Crimes Code.[2] *See* 18 Pa.C.S. §§ 306, 6310.1.[3] The Court's decision was founded upon the protection of "both minors and the public at large from the perceived deleterious effects of serving alcohol to persons under twenty-one years of age." *Congini,* 504 Pa. at 163, 470 A.2d at 518. The Court stated: "It is the person's service which forms the basis of the cause of action, not whether or not a putative plaintiff is entitled to recover." *Id.* at 163, 470 A.2d at 518. Further, the Court noted that the mere breach of a duty does not mandate a finding of liability, for the plaintiff still bears the burden of proving that the breach resulted in his injury. *Id.* at 163 n. 4, 470 A.2d at 518 n. 4.

Here, Orner testified that he was not intoxicated when he left the Esslingers' party or when he left the Bonsall party, and that his fall was attributable to the poor lighting which limited his perception of the length of the ramp. The trial court did not admit the hospital's blood-alcohol test because

2. In this court's en banc decision in *Herr v. Booten,* 398 Pa.Super. 166, 580 A.2d 1115 (1990), it was noted that the Supreme Court's decision in *Congini* stands in sharp contrast to its decision in *Klein v. Raysinger,* 504 Pa. 141, 470 A.2d 507 (1983), rendered the same day as *Congini.* In *Klein,* the Supreme Court affirmed the entry of summary judgment in favor of the defendants after determining that the plaintiff was twenty-one years of age, and thus an adult, at the time the defendants furnished alcohol to him. The *Klein* court held that "there can be no liability on the part of a social host who serves alcoholic beverages to his or her adult guests." *Id.* at 148, 470 A.2d at 511.

3. Section 6310.1 prohibits the furnishing of liquor or malt or brewed beverages to minors. Section 6310.1 provides:

(a) **Offense defined.**—Except as provided in subsection (b), a person commits a misdemeanor of the third degree if he intentionally and knowingly sells or intentionally and knowingly furnishes, or purchases with the intent to sell or furnish, any liquor or malt or brewed beverages to a person who is less than 21 years of age.

Subsection (b) provides an exception for religious service or ceremony. 18 Pa.C.S. § 6310.1 (Supp.1993).

the plaintiff offered no independent testimony relating that test back to the Esslinger or Bonsall party.

■ We find that the trial court's determination that Orner failed to establish the necessary element of causation was proper. The defendants, as the adult hosts of the graduation parties, had a duty to their minor guests, a duty acknowledged by our Supreme Court in *Congini* and, later, by legislative enactment. 18 Pa.C.S. § 6310.1.[4] Notwithstanding the fact that the defendants were negligent *per se* and breached their duty to Orner when they furnished him with alcohol, this did not relieve Orner of his burden of establishing at trial that the defendants' breach was the legal cause of his injuries. *Congini*, 504 Pa. at 161, 470 A.2d at 517 (*citing Restatement (Second) of Torts*, § 286); *see also Orner v. Mallick, et al.*, 515 Pa. 132, 137, 527 A.2d 521, 524 (1987); *see also Kaplan v. Kaplan*, 404 Pa. 147, 171 A.2d 166 (1961). Orner has established no nexus between the defendants' breach and his injuries; in fact, Orner's testimony establishes quite the contrary—that the cause of his fall was his rush to catch up with his friend, inadequate lighting along the ramp, and inadequate and unsafe railings along the ramp. Viewing the evidence and all reasonable inferences in the light most favorable to Orner, we conclude that the trial court properly determined that a jury could not reasonably conclude that causation had been established. *Ford, supra*. We, therefore, affirm the trial court's order granting nonsuit.

Order affirmed.

4. 1988, March 25, P.L. 262, No. 31, § 11, effective in 60 days.