# Utain v. Crum Creek Construction Co.

*David M. Jakobi,* for plaintiffs.

*Glenn M. Campbell,* for defendants Crum Creek Construction Co. and Quintel Homes.

*Israel N. Eisenberg,* for defendants Nicholas Carter and Daniel Lassik.

*Edward J. Carney Jr.,* for defendant Ed Illis.

WOOD, *J.,* September 16, 1996—In this negligence action, plaintiffs Irwin and Shirley Utain allege that defendants Crum Creek Construction Company and Quintel Homes violated a regulatory safety standard at a construction site, which caused plaintiff Irwin Utain's injuries. After plaintiffs presented their evidence at trial, I granted defendants' motion for compulsory nonsuit, as I had concluded that plaintiffs had failed to meet their burden of proof on the causation element of their cause of action. Before me now is plaintiffs' motion to take off nonsuit. Based on the following reasoning, the motion will be denied and the nonsuit will remain in place.

## BACKGROUND

Plaintiff Irwin Utain worked for Empire Building and Lumber Company, which, among other things, built stairways inside newly constructed homes. Defendant Crum Creek Construction Company hired Empire to build the stairway for a house that Crum Creek had partially completed on lot no. 13 of the Brampton Chase Development. Utain was supposed to meet Crum Creek employee Don Grick at that building site on February 10, 1989, to measure the floor-to-floor height of a pro-

posed stairway from the basement to the first floor of that house. When Utain arrived, Grick was not there, and Utain entered the building alone to take measurements. Utain has 42 years' experience in his line of work, and has measured at least 1,000 stair openings during his career; he was well aware of the dangers of working in open, unfinished construction, and had devised ways of taking the necessary measurements safely.

At trial, Utain testified that he remembers walking through the front door on the first floor of the unfinished house on lot no. 13. The next thing that anyone knows or could testify to, he was lying on the concrete basement floor badly injured. There were loose two-by-four wooden studs and "blue board," a Styrofoam insulation board, all around him.

Plaintiff presented evidence demonstrating that the first-floor opening for the proposed stairway, through which Utain presumably fell, had been covered by a combination of blue board and two-by-fours slotted through the wall studding adjacent to the opening. This means of covering the open stairwell violates federal safety standards governing work places. See 29 C.F.R. §1910.23(a)(8) (1988) (OSHA regulation). Utain testified that he would not go near an opening that was covered only with blue board and two-by-fours.

During plaintiffs' case, I dismissed the suit as to certain defendants with plaintiffs' acquiescence.[1] Remaining were defendants Crum Creek and Quintel Homes. Those defendants moved for compulsory nonsuit at the close of plaintiffs' case, and I granted it.

---

1. I granted a voluntary nonsuit as to defendants Nicholas Carter, Daniel Lassik, their partnership of C&L Construction, and Ed Illis, a/k/a/ Ed Illes, on January 27, 1996, effective November 27, 1995.

My intuitive feeling at the time, based on the little research I was able to do and the arguments of counsel, was that because plaintiffs had not presented evidence of how Utain came to fall, they had failed to carry their burden of proving causation. Accordingly, I granted defendants' motion and entered nonsuit.

Plaintiffs now have moved to take off nonsuit. Their argument has two primary aspects. First, they argue that they have proven that if the proper safety measures had been taken, Utain would not have fallen through the opening on the first floor. Second, they maintain that the circumstantial evidence in the record is sufficient for a jury to infer that defendants' negligence, that is, their failure to adhere to the relevant safety standards, caused his injuries; therefore, whether or not I accept the absolute logic of their first contention, the matter is one for the jury and should not be decided by me as a matter of law.

I have had the opportunity to research the issue further, have reflected on the reasons for my decision, and have had the able assistance of counsel on this matter. I reach the same conclusion regarding the insufficiency of plaintiffs' evidence of causation.

## DISCUSSION

"An order granting nonsuit is proper only if the jury, viewing the evidence and all reasonable inferences arising from it, in the light most favorable to the plaintiff, could not reasonably conclude that the elements of the cause of action had been established." *Ford v. Jeffries,* 474 Pa. 588, 591-92, 379 A.2d 111, 112-13 (1977); *Orner v. Mallick,* 432 Pa. Super. 580, 583, 639 A.2d 491, 492 (1994). However, it is well established that a jury cannot be permitted to reach its verdict on the basis of speculation or conjecture. *Smith v. Bell Tele-*

*phone Company,* 397 Pa. 134, 153 A.2d 477 (1959). *Orner v. Mallick,* 432 Pa. Super. at 583, 639 A.2d at 492. Therefore, the trial judge has a duty to prevent questions from going to the jury that would require it to reach a verdict based on conjecture, surmise, guess, or speculation. *Farnese v. SEPTA,* 338 Pa. Super. 130, 487 A.2d 887 (1985).

The four basic elements of a negligence cause of action are duty, breach of duty, causal relationship between the breach and resulting injury, and actual loss or damages. *Casey v. Geiger,* 346 Pa. Super. 279, 499 A.2d 606 (1985), *allocatur denied,* 516 Pa. 638, 533 A.2d 710 (1987). A plaintiff must establish all four to establish a right to relief, *id.,* and therefore to survive a motion for nonsuit. See *Montgomery v. South Philadelphia Medical Group Inc.,* 441 Pa. Super. 146, 656 A.2d 1385 (1995) (because a jury may not reach its verdict on mere speculation, the trial court may enter nonsuit if plaintiff has failed to produce sufficient evidence to meet her burden of proof).

Here, a reasonable jury could conclude from the evidence presented at trial that defendants violated a regulatory safety standard, and therefore had a duty and breached it. A reasonable jury also could conclude that Utain suffered injuries as a result of his fall from the first floor to the basement. Therefore, a reasonable jury could conclude that three of the four elements had been established. However, plaintiffs have not proved that the negligent conduct caused the fall.

When I charge juries on causation, using section 3.25 of the Pennsylvania Standard Jury Instructions, I explain that if something is a "substantial factor" in bringing about the harm that occurred, it is the "legal cause"

of that harm. Although I invite juries to ask me questions if my instructions are puzzling, I always hope fervently that they will not ask me to define what "substantial factor" means, because I really do not know. The terminology is used in the Restatement (Second) of Torts §431(a)(1977), and appears in all of the case law, *e.g., Whitner v. Lojeski,* 437 Pa. 448, 263 A.2d 889 (1970) (adopting section 431); *Hamil v. Bashline,* 481 Pa. 256, 392 A.2d 1280 (1978), but is not defined much further than that. Have plaintiffs here demonstrated that defendants' conduct was a "substantial factor" in Utain's fall?

Plaintiffs' first argument seems to be: (1) defendant failed to follow OSHA regulations; (2) Utain fell through the hole in the first floor; therefore (3) the failure to follow OSHA regulations must have caused him to fall. One cannot argue with the first two propositions, but the third does not necessarily follow. There could be other explanations for the fall besides the failure to follow OSHA regulations—someone else, even Utain himself, could have removed the covering. We do not know what happened. Plaintiffs have not proven "causation-in-fact," that is, "the mechanical sequence of events" leading to his injuries. *Mazzagatti v. Everingham by Everingham,* 512 Pa. 266, 274, 516 A.2d 672, 676 (1986), quoting W.P. Keeton, Prosser and Keeton on Torts (5th ed. 1984) at 274.

The circumstantial evidence argument is a little more subtle: the evidence shows a failure to comply with OSHA regulations, and a fall of a kind that those regulations are designed to prevent. The jury should be allowed to infer from the circumstances that the violation of regulations caused the fall. Basically, this is a res ipsa loquitur, or exclusive control, argument. Compare *Micciche v. Eastern Elevator Company,* 435 Pa. Super.

219, 645 A.2d 278 (1994); Restatement (Second) of Torts §328D (1977).[2] The difficulty again, however, is that plaintiffs have not eliminated other possible sources of blame. It is as reasonable to suppose that the fall was due to Utain's own conduct, or perhaps even the conduct of a third person, as it is to conclude that defendants' conduct caused it. Therefore, section 328D does not apply. See Restatement (Second) of Torts §328D(1)(b).

I have attempted to find analogous cases, and have not been terribly successful. I did find a few, though: First, in *Orner v. Mallick,* 432 Pa. Super. at 580, 689 A.2d at 491, the plaintiff, a minor, had been served alcohol at two high school graduation parties and later fell over a railing at a hotel, and was badly injured. He sued the hosts of the two parties he attended, alleging that their serving a minor alcohol constituted negligence per se, which initiated "a train of drinking resulting in erratic behavior" and the fall over the railing. *Id.* at 583, 639 A.2d at 492. The plaintiff admitted that

---

2. Adopted as Pennsylvania law by the court in *Gilbert v. Korvette's Inc.,* 457 Pa. 602, 613, 327 A.2d 94, 100 (1974), section 328D provides:

"(1) It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when

"(a) the event is of a kind which ordinarily does not occur in the absence of negligence;

"(b) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and

"(c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

"(2) It is the function of the court to determine whether the inference may reasonably be drawn by the jury, or whether it must necessarily be drawn.

"(3) It is the function of the jury to determine whether the inference is to be drawn in any case where different conclusions may reasonably be reached."

he was not drunk when he fell and that the railing was poorly lit at the time. Affirming the trial court's grant of nonsuit, the Superior Court reasoned that, notwithstanding the social hosts' negligent conduct, the plaintiff had to demonstrate a causal nexus between the conduct and his injuries. His failure to do so properly resulted in a grant of the defendants' motion for nonsuit. *Id.* at 585, 639 A.2d at 493.

Also instructive is *Farnese v. SEPTA,* 338 Pa. Super. 130, 487 A.2d at 887 (1985), where bus passengers alleged that the City of Philadelphia's repairing of a street caused the bus in which they were riding to hit some object, resulting in injury. There, the plaintiffs presented circumstantial evidence showing that the city was repairing the street in question, but no evidence of what caused the jolt that actually caused their injuries. Upholding a directed verdict in favor of the city, the Superior Court said that circumstantial evidence which only proves the possibility of negligence or causation and leaves the issue to surmise or conjecture is never sufficient to sustain a verdict. *Id.* at 135, 487 A.2d at 890.

Finally, in *Hyatt v. County of Allegheny,* 120 Pa. Commw. 161, 547 A.2d 1304 (1988), the plaintiff tripped and fell while entering a county-run airport. She testified that her foot had caught or gone into something just before she fell, and that when she looked back to see what had made her fall, she saw an upturned edge of a mat placed just inside the entrance to the building. The trial judge directed a verdict in favor of the defendants, asserting that no causation had been proved. Reversing, the Commonwealth Court held that the plaintiff had presented enough circumstantial evidence for a jury to decide whether the upturned edge

of the mat caused her to fall. *Id.* at 169, 547 A.2d at 1308.

Collectively, these decisions suggest strongly that a plaintiff relying on circumstantial evidence to prove causation must show the mechanism by which the injury occurred, and that the mechanism is attributable to the defendant's negligent conduct. In *Orner,* the plaintiff failed to eliminate all the possible causes of his fall. *Supra* at 583, 639 A.2d at 491. In *Farnese,* the plaintiffs failed to show what caused the jolt that actually injured them. *Supra.* at 135, 487 A.2d at 890. Conversely, in *Hyatt,* the plaintiff was able to show causation by demonstrating how the plaintiff fell. *Supra.* at 169, 547 Pa. Super. at 1308.

Decisions involving similar contexts confirm my conclusion. See *e.g., Saylor v. Green,* 165 Pa. Commw. 249, 645 A.2d 318 (1994) (summary judgment proper where plaintiff testified that he did not know why the motorcycle on which he was riding left the road and struck a post, causing him injuries); *Micciche, supra* (res ipsa loquitur instruction not appropriate where plaintiff failed to demonstrate which, of many possible causes, was the actual cause); *Smick v. City of Philadelphia,* 161 Pa. Commw. 622, 638 A.2d 287 (1994) (verdict for defendants proper where plaintiff failed to prove which of the possible causes actually caused a derailment, which resulted in injuries).

Because plaintiff's presented evidence of causation would require the jury to speculate and reach a verdict based on surmise, I conclude that my entrance of nonsuit at trial was justified. See *Orner, supra; Farnese, supra. Cf. Hyatt, supra.* Therefore, plaintiffs' motion to take off nonsuit must, respectfully, be denied.

An order follows.[3]

ORDER

And now, September 16, 1996, upon consideration of plaintiffs Irwin and Shirley Utain's motion to take off nonsuit, it is hereby ordered that the motion is denied. A copy of this opinion and order shall be mailed to plaintiffs at their address as indicated in the pleadings.

3. It has come to my attention that plaintiffs' attorney has died since these motions were argued, and that no substitute attorney has entered an appearance. In an excess of caution, I will direct that a copy of this opinion and order be mailed directly to plaintiffs, as well as to the business address of David M. Jakobi, Esquire, deceased.