J-A27044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TIFFANY MITTEREDER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SEVEN SPRINGS MOUNTAIN RESORT, INC.: SEVEN SPRINGS FARM, INC., SEVEN SPRINGS MOUNTAIN RESORT, INC., T/D/B/A SEVEN SPRINGS; SEVEN SPRINGS MOUNTAIN RESORT, INC., T/D/B/A SEVEN SPRINGS MOUNTAIN RESORT; SEVEN SPRINGS FARM, INC., T/D/B/A SEVEN SPRINGS; SEVEN SPRINGS MOUNTAIN RESORT, | |
| Appellees | No. 1790 WDA 2014 |

Appeal from the Order Entered September 30, 2014
In the Court of Common Pleas of Somerset County
Civil Division at No: 571 CIVIL 2012

BEFORE:  BOWES, OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:          **FILED DECEMBER 21, 2015**

Appellant, Tiffany Mittereder, appeals from the September 30, 2014 order entered in the Court of Common Pleas of Somerset County granting summary judgment in favor of Appellees, Seven Springs Mountain Resort and various affiliated entities.  Appellant contends the trial court erred by granting summary judgment in favor of Appellees.  We disagree and therefore affirm.

The trial court provided the following factual background:

On February 19, 2012, [Appellant] and her boyfriend, Christopher Damron, were skiing at Seven Springs Resort. At approximately 3:00 p.m. [Appellant] and Mr. Damron entered the "Foggy Goggle" which is a bar and restaurant inside of the ski lodge. [Appellant] had her ski boots on the duration of time she was at the Foggy Goggle. [Appellant] consumed two to three Captain Morgan and Diet Coke drinks throughout the three hours she was there. At some point prior to the incident [Appellant] used the restroom. About three hours after [Appellant] arrived at the Foggy Goggle, around 6:00 or 6:15 p.m. [Appellant] began her second trip to the restroom. On her way to the restroom, [Appellant] fell, severely injuring her arm, which required extensive surgery. The area where [Appellant] fell was the hallway to the restroom which had a concrete floor.

[Appellees'] employee took down an incident report following [Appellant's] fall which lists "injured['s] description of incident" (i.e. [Appellant's] description) as "walking to the bathroom, turned corner, was ice on floor, slipped and fell—was wearing ski rental boots." Although the report states this, during [Appellant's] deposition she said she did not have first hand knowledge of the cause of her fall, as the Brief in Opposition states she "cannot specifically identify precisely what caused her to fall" due to the pain she was in after the fall.

[Appellant] does recall having a conversation with a woman who assisted her right after she fell "who stated that she had noticed ice or slush in the area where [Appellant] fell and knew someone was going to fall." Mr. Damron, who was walking behind [Appellant] when she fell, is also unable to testify as [to] the cause of [Appellant's] fall, but does recall the woman assisting them. The incident report does not list a witness to the incident and the identity of the woman who made the statement remains unknown.

[Appellant] filed suit for negligence on August 10, 2012 and [Appellees] moved for summary judgment on June 27, 2014.

Trial Court Memorandum (Memorandum), 10/1/14, at 1-3 (references to Appellant's Brief in Opposition to Appellees' Motion for Summary Judgment omitted).[1]

By order entered September 30, 2014, the trial court granted Appellees' motion for summary judgment, finding Appellees were entitled to judgment as a matter of law because there were no issues of material fact and also concluding the motion was not premature. Memorandum at 11. This timely appeal followed in which Appellant asks this Court to consider two issues, which we have reordered for ease of discussion:

1. Whether [Appellant] has provided sufficient circumstantial evidence and facts to establish a genuine issue of material fact that should be submitted to a jury for determination?

2. Whether [Appellees'] motion for Summary Judgment was premature as discovery had not yet been completed in the instant case?

Appellant's Brief at 4.[2]

_____

[1] Although not mentioned by the trial court in its factual summary, Appellees do not suggest that Appellant was intoxicated or that her alcohol consumption played any role in causing Appellant's fall. **See, e.g.**, Notes of Testimony, Argument, 9/11/14, at 2.

[2] In her statement of questions involved, Appellant lists the two issues identified above. However, Appellant's argument is broken into four sections. We remind Appellant's counsel that Rule of Appellate Procedure 2119 requires the argument section of an appellant's brief to "be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119.

Pennsylvania Rule of Civil Procedure 1035.2 provides:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. No. 1035.2.

This Court reviews a decision granting summary judgment according to the following standard:

A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a nonmoving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1261–62 (Pa. Super. 2013) (quoting *Murphy v. Duquesne Univ. of the Holy Ghost*, 777 A.2d. 418, 429 (Pa. 2001)).

In her first issue, Appellant contends she has provided sufficient circumstantial evidence and facts to establish a genuine issue of material fact that should be submitted to a jury for determination. The trial court examined this contention under the test announced by our Supreme Court in *Carrender v. Fitterer*, 469 A.2d 120 (Pa. 1983), which states:

> Possessors of land owe a duty to protect invitees from foreseeable harm. Restatement[ (Second) of Torts], §§ 341A, 343 & 343A. With respect to conditions on the land which are known to or discoverable by the possessor, the possessor is subject to liability only if he,
>
> > "(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and
> >
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> >
> > (c) fails to exercise reasonable care to protect them against the danger."
>
> Restatement, *supra*, § 343.

*Id.* at 123.

The trial court first considered Appellees' assertion that Appellant lacked sufficient evidence to present an issue of fact as to whether a "dangerous condition" existed. Memorandum at 6. The trial court agreed with Appellees, determining:

[T]here is only a statement by an unidentified witness (that may or may not be admissible) to imply that there was any water or slush on the floor in the first place, as every other witness to the incident as well as [Appellant] herself does not remember seeing water or ice on the floor, and there is no evidence that [Appellees] knew or should have known about the alleged condition as required by the first prong of *Carrender*.

*Id.* The trial court suggested it would exclude as inadmissible hearsay the statement supposedly made to Appellant by an unknown witness, but indicated a finding of admissibility would not alter its ruling on the motion. "Assuming hypothetically that the statement is admissible, it does not, nor does any other evidence, create a question of fact as to whether [Appellees] knew about the alleged slush or ice." *Id.* at 7. Consequently, Appellant could not satisfy the first prong of the *Carrender* test because there was "no dispute of fact as to whether [Appellees] had actual notice." *Id.*[3]

As to the second element of the *Carrender* test, the trial court determined Appellant could not satisfy that prong, which requires that the possessor of land should expect that invitees would fail to discover or realize the danger of a condition or will fail to protect themselves against it. Because Appellees did not have notice of the condition, they had "no basis to expect that invitees, like [Appellant], may fail to protect themselves from the unknown condition." *Id.* at 9.

_____

[3] The trial court similarly and appropriately dismissed any suggestion Appellees had constructive notice.

- 6 -

Finally, to meet the third prong of *Carrender*, Appellant must prove that Appellees failed to exercise reasonable care to protect her against any dangerous condition. "Where a fall is alleged because of water [on] the floor, [Appellant] must prove that the proprietor failed to monitor and maintain the area in order to establish a breach of duty." *Id.* at 10 (citing *Estate of Swift v. Northeastern Hospital of Philadelphia*, 690 A.2d 719, 723 (Pa. Super. 1997)). The trial court concluded Appellant failed to produce evidence to show Appellees breached any duty to maintain or monitor the Foggy Goggle on the day in question. "In fact, [Appellees] presented evidence that six bartenders and seven waitresses were on staff in the Foggy Goggle that day, who were trained to report any spill or other such condition to housekeeping, and two housekeepers were assigned to the building that day." *Id.* (citing Appellees' Memorandum in Support of Its Motion for Summary Judgment, 6/25/14, at 16).

The trial court concluded there were no genuine issues of material fact. Because Appellant failed to produce evidence to satisfy any of the *Carrender* prongs, the trial court found Appellees were entitled to judgment as a matter of law.

As reflected above, this Court may disturb the trial court's grant of summary judgment only if Appellant establishes that the trial court committed an error of law or abused its discretion. *JP Morgan Chase Bank*, 63 A.3d at 1261 (citation omitted). Again:

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. **Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.** Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Id.* at 1261-62 (emphasis added) (citation omitted).

Here, Appellant failed to adduce sufficient evidence of the existence of any "dangerous condition," any notice that can be imputed to Appellees, or any failure of Appellees to exercise reasonable care, all of which are issues essential to her case and on which she bore the burden of proof. Although Appellant does not suggest she had—or could establish—evidence of direct negligence on the part of Appellees, she asserts that circumstantial evidence can serve as a basis for defeating summary judgment. Appellant points to her deposition testimony in which she testified that her fall occurred "on the concrete/tile surface leading to the restroom facilities" and to the testimony both she and her boyfriend offered about the "independent witness"—an unidentified individual neither Appellant nor her boyfriend could describe—who said "she knew someone was going to fall on the snow/slush/water that was present on the floor" where Appellant fell. Appellant's Brief at 28

(citations to deposition testimony omitted). She also suggests that the incident report reveals she was "[w]alking to bathroom, turned corner, was ice on the floor, slipped and fell, was wearing rental ski boots." *Id.* at 29 (citations omitted). However, she admits she did not see anything on the floor and acknowledges that the information in the incident report, including the reference to "ice on the floor," was not based on her observation but rather on a statement by the phantom witness. Appellant's Deposition, 8/2/13, at 25, 31. Nevertheless, Appellant suggests she "has established sufficient circumstantial evidence of the existence of a dangerous, hazardous and unsafe condition through deposition testimony, the incident report, and common sense." Appellant's Brief, at 29.

In support of her position regarding sufficiency of circumstantial evidence, Appellant cites several cases in which circumstantial evidence was deemed sufficient to warrant a case going to a jury. Appellant's Brief at 18-21. Appellant's reliance on each case is misplaced.

For instance, in **First v. Zem Zem Temple**, 686 A.2d 18 (Pa. Super. 1996), the trial court entered summary judgment against a woman who fell on a temporary dance floor during a wedding reception. The appellant and a witness established evidence of two potential defects on the dance floor, *i.e.*, a discolored, slippery area and a raised metal rim, both of which were near where she fell and either of which may have caused her to fall. This Court determined the trial court erred by granting summary judgment because the

appellant presented sufficient evidence to create a jury question on causation.

In **McMillan v. Mountain Laurel Racing, Inc.**, 367 A.2d 1106 (Pa. Super. 1976), the trial court granted a compulsory nonsuit against a racetrack patron who slipped and fell in a large room described as the ground floor of the track's grandstand. The room, measuring 250' in length and 80 to 125' in width, contained more than 30 betting windows in the center of the room and four refreshment stands, each 25' long, on one side of the room. The appellant fell near one of the refreshment stands where significant debris had accumulated over the course of more than two hours during the evening. Although she could not say precisely what caused her to fall, she testified she believed her fall was caused "by the liquid, cups, papers, or tickets on the floor." **Id.** at 1108. On appeal, this Court reversed the trial court's grant of a nonsuit, concluding the appellant's "proof identified the cause of [appellant's] fall with enough sufficiency to allow the jury to determine questions of negligence." **Id.** at 1111.

In **First** and **McMillan**, as well as in the remaining cases cited by Appellant,[4] the plaintiffs and/or witnesses observed and were able to

_____

[4] Appellant also looks to cases from our Supreme Court, our Commonwealth Court, and the United States District Court for the Middle District of Pennsylvania. Appellant's Brief at 18-21. While we are bound only by the Supreme Court's decisions, we discuss all four briefly to illustrate they are readily distinguishable from the instant case.
*(Footnote Continued Next Page)*

- 10 -

describe a dangerous condition that existed in the area of the plaintiff's fall.

*(Footnote Continued)* —————————————

In ***Schwartz v. Warwick-Philadelphia Corp.***, 226 A.2d 484 (Pa. 1967), the plaintiff was injured in a fall at a wedding reception where waiters carrying trays of food crossed the dance floor on their way to the tables where the guests dined. Plaintiff established the presence of asparagus and sauce on the dance floor where she and her dance partner fell. Our Supreme Court determined the trial court abused its discretion by granting a nonsuit and reversed its ruling, finding "it is reasonable, proper, and fair to conclude that this concatenation of circumstances made out a prima facie case of negligence against the establishment running the wedding feast." ***Id.*** at 486.

In ***Marks v. Tasman***, 589 A.2d 205 (Pa. 1991), an 89-year old legally blind man tripped and fell on a sidewalk outside his ophthalmologist's office. The friend who accompanied him to the office did not see the man fall but did see a depression in the sidewalk near the plaintiff's feet immediately after the man fall. Our Supreme Court reversed the grant of summary judgment, finding the evidence was sufficient to support an inference that the man fell because of the defect in the sidewalk and, as such, created a genuine issue of material fact. (To further distinguish ***Marks***, we note that—unlike the other cases upon which Appellant relies—***Marks*** does not involve a transitory condition.)

In ***Hyatt v. County of Allegheny***, 547 A.2d 1304 (Pa. Cmwlth. 1988), an airline employee presented evidence that the upturned edge of a floor mat caused her to fall. Because the evidence, when viewed in the light most favorable to the plaintiff, established the condition responsible for her fall and because the county and its maintenance company were in control of the mats and had adopted a policy of taping all four edges to avoid falls, the Commonwealth Court reversed a directed verdict entered by the trial court and remanded for a new trial.

In ***Evans v. Wal-Mart Stores, Inc.***, 2007 U.S. Dist. LEXIS 66675 (M.D. Pa. Sept. 10, 2007), a witness observed grapes on the floor of the area where the plaintiff fell in the grocery area of a Hazelton Wal-Mart. The district court denied summary judgment, finding there were questions of fact for a jury concerning whether Wal-Mart created a dangerous condition that was known or should have been known by the store.

In the cited cases, it was determined that there was at least circumstantial evidence of a dangerous condition that existed in the vicinity of the fall at the time of the fall. By contrast, Appellant could only say that she "turned the corner and fell." Appellant's Deposition, 8/2/13, at 27. She did not see or observe anything that might have cause her to fall. *Id.* at 27-28. Neither she nor any identified witness could testify as to a dangerous condition because no condition, dangerous or otherwise, was observed or reported. It is axiomatic that if no dangerous condition was observed or reported, notice of a dangerous condition cannot be imputed to Appellees.

Viewing the evidence in the light most favorable to Appellant as non-moving party and resolving all doubts in her favor, it is clear Appellant is unable to establish the existence of any genuine issue of material fact to evade the grant of summary judgment. Because Appellant cannot demonstrate that the trial court committed error of law or abused its discretion by granting summary judgment against her, Appellant's first issue fails for lack of merit.

In her second issue, Appellant contends Appellees' summary judgment motion was premature because discovery had not been completed. A fair reading of the argument section of her brief reveals it is not the motion itself

Appellant claims was premature but rather the trial court's grant of that motion.[5] We will conduct our review accordingly.

Appellant contends the trial court's grant of summary judgment foreclosed her from deposing various individuals currently or formerly employed by Appellees and from conducting an expert examination of the area where Appellant fell. Appellant's Brief at 22-23. She does not suggest she was impeded from conducting discovery by any conduct on the part of Appellees but simply claims she "should have been afforded additional time by the trial court to complete all aspects of discovery prior to the trial court ruling" on the motion for summary judgment. *Id.* at 26. However, Appellant has failed to demonstrate how any additional discovery could help develop her case or save it from the grant of summary judgment.

Although not addressed in her brief, Appellant's counsel asserted at oral argument on the summary judgment motion that his client had not been afforded an opportunity to depose the employee who completed the incident report or the medic who tended to Appellant. Notes of Testimony, Argument, 9/11/14 at 13.[6] However, Appellant did not—nor can she—argue

_____

[5] The pleadings were closed on September 13, 2012, more than twenty-one months before Appellees filed their motion for summary judgment. Therefore, the prerequisite to the filing of a summary judgment motion was satisfied. *See* Pa.R.C.P. 1035.2.

[6] Counsel for Appellees noted in his argument that all persons on duty on the day of the incident had been identified in written discovery and the fact
*(Footnote Continued Next Page)*

that testimony from either witness would shed any light on the issue essential to her case, *i.e.*, that Appellees had notice of the existence of any dangerous condition. As previously stated, neither Appellant nor her boyfriend could identify or describe the "phantom witness" who, they contend, said there was slush on the floor. Further, the individual who completed the incident report recorded "N/A" in the section designated for identifying witnesses. Counsel's suggestion that the unidentified witness could potentially be identified through receipts from the Foggy Goggle is implausible at best and would entail what can only be described as a "fishing expedition." Therefore, we find no abuse of discretion on the part of the trial court for not ordering additional time for discovery.

Appellant takes issue with the trial court's reliance on ***Porro v. Century III Associates***, 846 A.2d 1282 (Pa. Super. 2004), in rejecting her prematurity claim. In ***Porro***, the appellant claimed he fell on March 26, 1998, on a soapy liquid substance that was on the floor of a mall stairwell. Porro filed an amended complaint on March 24, 2000 and was deposed on April 16, 2001. On March 18, 2002, the appellees filed a motion for summary judgment arguing Porro failed to produce evidence or testimony to establish that the allegedly dangerous condition resulted from the appellees'

_(Footnote Continued)_ ──────────────

Appellant had not deposed any of those individuals was beyond Appellees' control. ***Id.*** at 17.

- 14 -

negligence, to establish the property owner had actual notice of the condition, or to establish the condition existed for such a length of time that the owner should have known of it.

At oral argument, Porro requested additional time to conduct discovery on the notice issue. In response, the trial court initially denied summary judgment without prejudice, giving Porro time to conduct additional discovery. Nothing further transpired until October 24, 2002, when the appellees placed the case at issue. On January 17, 2003, Porro directed written discovery to the appellees, to which they responded. On March 3, 2003, the appellees refiled their motion for summary judgment. Porro claimed the appellees filed only incomplete and evasive responses to the discovery requests but acknowledged he did not file additional requests, notices of depositions, or any motion to compel additional responses. The trial court granted the summary judgment motion.

On appeal, this Court affirmed, quoting from the trial court:

Summary judgment was originally denied because plaintiff wanted more time for discovery. Inexplicably, however, plaintiff waited over seven months from the denial of summary judgment (and almost three years from the filing of his amended complaint) to begin discovery. Even though plaintiff alleges that defendants are improperly withholding discovery, he has not sought court intervention since defendants responded to his discovery requests on March 28, 2003. Plaintiff explains neither how defendants have specifically evaded their duty to provide discovery, nor how this information sought would help him. No request to extend discovery has been made. In short, plaintiff has shown neither materiality nor due diligence with respect to such information, as required by **Kerns v. Methodist Hospital**, 393 Pa. Super. 533, 574 A.2d 1068 (1990).

*Id.* at 1284-85 (quoting Trial Court Opinion, 8/13/03, at 6).

We acknowledge that the facts and timeline in **Porro** differ from those in the case before us—most notably in that the trial court originally denied the motion for summary judgment without prejudice and granted Porro's request for additional time to undertake discovery. However, we find no abuse of discretion on the part of the trial court for entering summary judgment instead of granting additional time for discovery, not because Appellant did not request additional discovery time, but rather because Appellant has failed to explain how any additional discovery could help develop her case or save it from the grant of summary judgment. Therefore, we reject Appellant's assertion that the grant of summary judgment was premature. Appellant's second claim fails for lack of merit.

We find no error of law or abuse of discretion in the trial court's grant of summary judgment in favor of Appellees and against Appellant. Therefore, we shall not disturb the trial court's order.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/21/2015</u>